[Crim. No. 3273. Second Appellate District, Division Two.—February 9, 1940.]

THE PEOPLE, Respondent, v. CHARLES BAXTER GAY et al., Defendants; VERNE B. SHAFFER, Appellant.

Verne B. Shaffer, *in pro. per.*, for Appellant.

Earl Warren, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

MOORE, P. J.—Appellant and codefendant Gay were accused by informations of three robberies in the first degree, after prior convictions for felonies. They were tried jointly and four verdicts were returned against Shaffer, who appeals from judgments after convictions by a jury of said crimes.

The bases of his appeal are as follows: (1) Insufficiency of the evidence to sustain the judgment; (2) misconduct of his own counsel; (3) misconduct of the district attorney; and (4) misconduct of the jury.

(1) Appellant was identified as one of three armed men who on February 17, 1939, entered the Sequoia Importing Company, tied up the manager, took seven guns and $50.17 in cash; he was identified as one of two armed men who entered the office of George C. Lord on March 3, 1939, and took $110; he was identified by three witnesses as one of those who robbed one Neft of over $13,000 worth of jewelry and diamonds on March 16, 1939, all robberies in the city of Los Angeles.

The testimony of the witnesses as to each of the three robberies was clear and convincing. Every witness called except one identified appellant as one of the armed burglars. Under the established rules which permit the jury to derive the truth from conflicting testimony (Pen. Code, sec. 1042) we cannot disturb the verdict in the absence of prejudicial error otherwise indicated.

■ (2) The contention of appellant that he was not properly represented by the public defender and that the court erroneously refused to permit him to substitute other counsel is without merit. Appellant requested the discharge of the public defender as his counsel after the trial of the case and prior to the presentation of the argument on the motion for a new trial. When counsel presented said motion, for reasons satisfactory to himself, he declined to make an argument whereupon the court permitted the defendant himself to do so. The claims made by the defendant were to the effect that his counsel failed to obtain witnesses as directed by defendant; that said counsel had treated him as though he were guilty instead of innocent; that counsel suggested that he plead guilty to the charge and ignored his request to have the witnesses excused from the court room during the trial. Disagreement between appellant and his counsel over these contentions may explain counsel's refusal to argue said motion. There is nothing in the record that would warrant a reversal of the judgment upon any of the contentions thus made. ■ The presumption is that his counsel had done his duty, and since the record discloses no point in respect to which counsel caused appellant to suffer prejudice and since the trial court observed counsel's conduct and declined to yield to appellant's importunities, the exercise of discretion in denying the motion will not be disturbed by the appellate court.

■ (3) As to the prejudicial error claimed to have been committed by the district attorney in his examination of witnesses, no reference is made to any particular question so propounded and we find no such question directed to any witness. If the district attorney made reference to appellant's former convictions of felonies, he was strictly within his rights to do so for appellant was accused of such prior convictions and he testified that he had been convicted of robbery in 1914 in Washington, of burglary in 1926 and of robbery in 1936 in California. Because of those facts, the Braun case, *People* v. *Braun,* (14 Cal. (2d) 1 [92 Pac. (2d) 402]) cited by appellant, is not applicable.

■ (4) Appellant complains that the jury took only twenty-five minutes to return their verdicts and that in such time they were unable to review the evidence in all of the cases presented. In this the jury deserves commendation;

they had observed an array of witnesses point to appellant as one of the men who *vi et armis* took the properties of themselves and their associates, and had heard the details of a series of major crimes committed by defendant over a period of twenty-five years and of his consequent terms of penal servitude. In view of the evidence presented, they were only reasonably expeditious in their deliberations.

The judgments and orders appealed from are affirmed.

Wood, J., and McComb, J., concurred.