[Crim. No. 3900.   Second Dist., Div. Two.   Nov. 9, 1945.]

THE PEOPLE, Respondent, v. DONALD L. BECK,
Appellant.

638

Seibert L. Sefton for Appellant.

Robert W. Kenny, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

MOORE, P. J.—Appellant was accused by the district attorney on two counts of burglary with one prior conviction of a felony. Denial of the prior conviction and a plea of not guilty were entered by defendant on October 25, 1944. On December 6, 1944, the district attorney filed an amended information accusing the defendant on two counts of burglary and two counts of receiving stolen property. He was thereby also charged with a former conviction with respect to each of the four counts. The minutes of the court for December 6 contain no mention of the court's order allowing the filing of the amended pleading or any objection to the filing thereof. The case had evidently been set for trial on that day for it was then continued to December 18 and the witnesses were instructed to return on that day.

Following the trial the jury returned verdicts of not guilty of the charges of burglary but convicted defendant on both counts of having received stolen property. For count two

he was sentenced to the state prison for the term prescribed by law, the sentence to run consecutively with any sentence that he may have to serve for the violation of his parole under a former conviction. For the crime charged in count four he was sentenced to the state prison for the term prescribed by law, the sentence to run concurrently with that pronounced on count two but consecutively with any sentence he may have to serve for violating his parole. From the judgments of conviction and sentence and from the order denying his motion for a new trial defendant appeals.

The facts given in testimony are that defendant was on August 26, 1944, a parolee from the state prison, having been convicted of burglary in 1941. On that date he became a boarder of one Mrs. Besselo on 106th Street in Los Angeles and resided there for one month at the expiration of which he was arrested on the charges of burglary. During the same time one Kenneth Craig, a parolee from the Chino State Prison, visited appellant about twice a week, appellant being steadily employed with a local steel company. On September 13 and 19 respectively the homes of Mrs. Dinino and Mrs. Rhodes in the vicinity of appellant's abode were burglarized. From the first two pairs of trousers, a wrist watch and a compact were taken and from the latter numerous items of Mr. Rhodes including a gold knife and chain were stolen. Most of the articles taken from the two homes were recovered from pawnshops where they had been pledged by a girl friend of Craig. On September 26 when appellant was arrested he was wearing the wrist watch and in his pocket he carried the gold knife and chain. The knife had been altered in that a ''gadget'' containing some alphabetical letters had been removed.

On being placed in jail at Compton he told the arresting officer that the wrist watch, knife and chain were his. Three days later Officer Phelps of the Los Angeles Police Department in company with Mrs. Besselo searched the tent which appellant had occupied on her premises and found in the upper drawer of the dresser the compact of Mrs. Dinino and the two pairs of trousers hanging on the crossbar of the tent. In the pocket of one pair of trousers was a flashlight, never before seen by Mrs. Dinino, covered with adhesive tape so as to emit only a very dim light. Appellant told Officer Phelps that he had given a draft card and other papers to his

friend Craig to be used for the purpose of his identification. While appellant awaited trial during October he occupied the same cell block with one Waite, whom he told that he and Craig had accomplished burglaries and that some clothing was taken; that Craig was a soldier absent without leave, needed some civilian clothes and had asked appellant to assist him to get them; that Craig had taken all of the stolen goods and that appellant got none. However, he told Waite that a pair of trousers was left with appellant. He said that he had a wrist watch which he did not think anybody would identify and that he got it from one of the burglaries.

The foregoing facts were given in testimony and having been believed by the jury are sufficient to sustain the conviction of receiving stolen property. (*People* v. *Latham*, 43 Cal.App.2d 35, 38 [110 P.2d 101].) ■ We are required to assume the existence of every fact pointing to the guilt of the accused which the jury could reasonably have inferred from the evidence. (*People* v. *Hennessey*, 201 Cal. 568 [258 P. 49].) ■ Neither the fact that the jury acquitted appellant of the crimes of burglary nor the fact that he and his witnesses gave testimony contrary to that which was believed by the jury is sufficient to prevail against the verdict. ■ He denied participation in the burglaries and the jury accepted his testimony as proof of that denial, but his possession of the stolen property under suspicious circumstances warranted his conviction of those crimes. ■ He knew that Craig was a former convict, in impecunious circumstances and out of employment; observed that the merchandise brought into his tent by Craig was secondhand and detected that the initals of the former owner had been removed from the stolen knife. These facts were sufficient readily to bring to the knowledge of a person of ordinary intelligence that the property had been stolen or to arouse a suspicion that its presence was due to a criminal agency. ■ Where property is found in the possession of a party other than its owner under suspicious circumstances a verdict of guilty of receiving stolen property is thereby justified. (*People* v. *Jolley*, 35 Cal.App.2d 159, 162 [94 P.2d 1011]; *People* v. *Bausell*, 18 Cal.App.2d 15, 17 [62 P.2d 774].) ■ While appellant did not have actual possession of the trousers they were in his constructive possession in that they were in his living quarters at the time of his arrest. Such possession is sufficient to justify the implied finding of his

having received stolen property. (*People* v. *Fitzpatrick*, 80 Cal. 538, 541 [22 P. 215].)

Appellant argues at length that he was denied due process of law because no order was made by the court allowing the amended information to be filed. But he made no objection to the filing of the amended pleading. Instead he entered his plea of not guilty to each count. If he did not object he must have consented to the amendment. That he did so is indicated by his request for a continuance which was granted for 12 days.

Moreover, it is presumed in the absence of positive evidence to the contrary that the proceedings at the time of filing the amended information were regular and proper. (*People* v. *Perrin*, 67 Cal.App. 612, 616 [227 P. 924]; *People* v. *Gonzales*, 88 Cal.App. 245, 247 [262 P. 1115].)

Where an amended pleading is filed in open court pursuant to section 1008, Penal Code, by the district attorney and the accused being present offers no objection thereto, he may not for the first time raise the point on appeal. (*People* v. *Payton*, 36 Cal.App.2d 41 [96 P.2d 991].)

The judgment and the order denying a new trial are affirmed.

McComb, J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 6, 1945.