[Crim. No. 4447. Second Dist., Div. One. Aug. 8, 1950.]

THE PEOPLE, Respondent, v. WILLIAM WINSTON ROSS et al., Appellants.

Richard F. Harris for Appellants.

Fred N. Howser, Attorney General, and Donald D. Stoker, Deputy Attorney General, for Respondent.

DRAPEAU, J.—On a peaceful Sunday afternoon in the quiet little city of Paso Robles the complaining witness was sitting in a chair near the cash register at his gas filling station. He was reading a Sunday paper. A colored lady came to the door, told him she could not start her car, and asked him to help her.

He went with her to the stalled car, which was parked behind the filling station, next to a grease rack. A white girl was in the rear seat. The car was so placed as to keep him away from the front of the filling station, and out of sight of the cash register.

After several minutes trying to start the engine, customers came to the front of the filling station so he left to take care of them. Two paid for gas by signing credit slips. The next customer tendered him a $5.00 bill. When he went to the cash register to make change he found it had been robbed of $152.

The police were called. They took the white girl into custody as she was walking down a street not far from the filling station. They took into custody the colored lady, and a colored gentleman, as they were standing at a street corner.

While he was being searched at the police station, the man said to the officers: "I might as well tell you, I robbed the till." He also told the officers that the girls had nothing to do with taking the money. And in substance he repeated this statement to the district attorney.

Information was filed in the superior court, charging all three defendants with burglary, first count, and, in the second count, with conspiracy to commit burglary.

The white girl pleaded guilty to both counts. Judgment was suspended, and she was granted probation for five years, the first three months to be spent in the county jail.

Defendant Ross was admitted to bail. While on bail he was convicted of a felony in Los Angeles County, and sent to the penitentiary.

In this case, he pleaded guilty to the first count, not guilty to the second count, was convicted by a jury of the second count, waived time for judgment, and was sent to the penitentiary.

Defendant Ahause pleaded not guilty to both counts, was convicted on both, and sent to Tehachapi. She had a prior felony conviction.

Sentences as to both on both counts were fixed to run concurrently.

These three people left Los Angeles together the evening before the burglary, to go to San Francisco. They were driving an old 1936 jalopy, which easily heated up and was subject to vapor lock. They stopped overnight at Santa Maria, and had breakfast in San Luis Obispo.

Before reaching Paso Robles the car began to act up. Defendant Ross took the wheel from defendant Ahause and drove to the position where the complaining witness tried to start it. He said he first went across the street, and coming back, on the spur of the moment, "hit the till."

Assuming the burglary was planned by all three of these people, everything went wrong. The car really would not start. Undoubtedly this accounted for the swiftness with which they were apprehended. Water had leaked through the cylinder-head gasket and into the spark plugs.

A passing car undertook to push, and got hung up on the bumpers. Bystanders disengaged the bumpers, and part of the bumper on the jalopy came off. Defendant Ahause told them to tear the rest of the bumper off; that she had to get to San Luis Obispo right away to see her sick mother. Other kindly bystanders tried to help in various ways. One poured gasoline into the carburetor, but still the car would not go.

Defendant Ahause was visibly upset and disturbed; she told several witnesses she had to get to San Luis Obispo right away to see her sick mother. In truth she had no mother in San Luis Obispo, and she wasn't going that way anyway.

She testified that her car had not been parked behind the filling station, but was at the curb on the street—directly in conflict with the testimony of the complaining witness. She and defendant Ross pretended they did not know each other.

On the trial each of these two defendants testified that defendant Ahause had no idea that a burglary was to be committed by defendant Ross. Nonetheless, as stated, the jury convicted them.

Three assertions of error are presented:

First, it was error for the court, upon the *voir dire* examination of jurors, to comment upon the fact that the defendant, Betty Ann Schrader, had entered a plea of guilty.

Secondly, it was error for the clerk to read to the jury the information filed against the three defendants, and then to state that the defendant, Betty Ann Schrader, had pleaded guilty.

Thirdly, it was error to admit in evidence the fact that the defendant, Ross, after the offense here tried, had been caught in an attempted burglary of a filling station, using the same scheme: A car drives up and asks for help; while the filling station attendant is busy at the car, the defendant rifles the till.

And defendants argue that the evidence is insufficient as a matter of law to support their convictions.

Relative to the plea of guilty by the defendant, Schrader, the record shows the following colloquy between court and counsel during the examination of a prospective juror:

(By Mr. Harris, counsel for defendants): "Q. In other words, the fact that Ross has already entered a plea on Count 1 might prejudice you against any testimony that he might give in connection with any other matters submitted here?

"A. I believe that's true, Mr. Harris."

(By Mr. Somogyi, Assistant District Attorney): "Q. And you feel that that factor would make it difficult for you to act fairly and impartially? A. Yes, sir.

"Mr. Harris: Thank you very much, Mr. Patterson.

"The Court: Well, I think we ought to have some more discussion about this matter. There may be some confusion in the juror's mind. After all, we want to get a jury here today, and I want to be sure that there is a prejudice.

"Q. You understand that this one defendant has pleaded guilty to one count in the information. That is closed; he has pleaded guilty to it. Then there is a charge of a conspiracy in the second count which he has—he is being tried upon.

"Mr. Somogyi: With two other defendants.

"Mr. Harris: One other defendant.

"The Court: One of the other defendants has pleaded guilty to both counts, and will not be tried.

"Mr. Harris: Well, now, if your honor please, I object to that on the ground that it is a prejudicial statement by the Court, and ask the Court to instruct the jury to disregard it.

"The Court: I am going to have the information read.

"Mr. Harris: I can't help that. I still make the request of the Court that you instruct the jury to disregard that. I believe that is a matter that is not properly before this jury.

"The Court: Just for the record, I deny it.

"Mr. Harris: We ask at this time, your honor, that a mistrial be declared.

"The Court: That will be denied . . ."

During the reading of the information, and before the pleas were stated, the court made the following statement to the jury:

"The Court: Well, I will do this: The information, of course, as I have stated to the jury before, is not to be taken as evidence of the guilt of any defendant, and in this information three defendants have been charged jointly, and the plea of any one or more of the defendants to any one or more of the counts is not to be taken as evidence of the guilt of the remaining defendants to one or more of the counts. The clerk will proceed with the giving of the pleas of the respective defendants to the charges of the information, and again I want to caution the jury that the pleas of the respective defendants are not to be taken as any evidence of the guilt of the other defendants as to any particular count."

The information was read as directed by section 1093 of the Penal Code. Proceedings set forth in that section are not mandatory. (*People* v. *Willard,* 150 Cal. 543 [89 P. 124].) The trial court quite properly could have directed the clerk not to mention the plea of the defendant, Schrader. However, under the circumstances in this case, this court is not able to say that the defendants were deprived of a substantial right. (*People* v. *Reese,* 136 Cal.App. 657 [29 P.2d 450].)

[redacted] Was it error to admit in evidence the fact that the defendant, Ross, had been caught in an attempted burglary of a filling station, using the same tactics, but subsequent in time to the offense for which he was being tried?

However the profession may differ as to the admissibility of evidence of other crimes, it would seem that the question has

been set at rest in California in the landmark case of *People* v. *Peete,* 28 Cal.2d 306 [169 P.2d 924].

In that case it is said: " . . . evidence that is relevant is not excluded because it reveals the commission of an offense other than that charged. 'The general tests of the admissibility of evidence in a criminal case are: . . . does it tend logically, naturally, and by reasonable inference, to establish any fact material for the people, or to overcome any material matter sought to be proved by the defense? If it does, then it is admissible, whether it embraces the commission of another crime or does not, whether the other crime be similar in kind or not, whether it be part of a single design or not.' . . . '. . . But whenever the case is such that proof of one crime tends to prove any fact material in the trial of another, such proof is admissible, and the fact that it may tend to prejudice the defendant in the minds of the jurors is no ground for its exclusion.' " (P. 315.)

In prosecutions for burglary, testimony showing a plan, scheme, or system used by defendants is properly admissible in evidence. (*People* v. *King,* 4 Cal.App.2d 727 [41 P.2d 593].)

 Finally, with respect to defendants' argument that the evidence is insufficient to support the verdict:

The facts have already been recounted. It was the province of the jury to find in accordance with the theory of the People—first, that there was a burglary committed by all three defendants; and secondly, that they conspired to commit the crime.

The two defendants who stood trial went to the filling station together; by a ruse the complaining witness was called away from the station and the cash register; defendant Ross actually took the money; the actions and conduct of defendant Ahause pointed to her guilt and to her complicity in the crime.

The judgment and the order denying defendants' motion for a new trial are, and each is affirmed.

White, P. J., and Doran, J., concurred.

Appellant Ahause's petition for a hearing by the Supreme Court was denied September 7, 1950.