[Crim. No. 5194. Second Dist., Div. Two. Sept. 16, 1954.]

THE PEOPLE, Respondent, v. JOHN STAFFORD BRANCH, Appellant.

John Stafford Branch, in pro. per., and Edward J. Skelly, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Alan R. Woodard, Deputy Attorney General, for Respondent.

FOX, J.—Defendant was convicted of armed robbery. He appeals from the ensuing judgment.

Defendant was discovered by Mr. Newman, the janitor, in the rear of the J. C. Penney Company store, located at 1516 East Florence Avenue in Los Angeles, shortly after 9 o'clock in the morning on January 4, 1954. He had entered the store through a vent in the roof about daylight but being unable to find any money he decided to remain until the employees arrived and then to rob the store. He had a gun and directed Mr. Newman to go upstairs with him to the offices. He there found Mr. Hobson, the assistant manager, who had just taken the money box into the cash room and placed it on the table. Defendant then directed Hobson to open the box for him and ordered the other employees into an adjoining office and to face the wall. He thereupon removed the money and certain pay envelopes from the cash box and put the same in his pocket. As an employee was entering the store through the front door, defendant asked Hobson how to get out of the store. The assistant manager

suggested the rear entrance and gave defendant his keys, indicating the particular key that unlocked the back door. Defendant made his exit in the manner indicated.

Defendant was arrested between 5 and 6 o'clock in the morning of January 14, 1954. He had been in another J. C. Penney store, located at 6420 Pacific Boulevard in Huntington Park. He was apparently apprehended on the fire escape that comes in from the alley at the back of the store. His gun was picked up on the fire escape.

█ Following defendant's incarceration, Hobson and Skidmore, another store employee who was at the scene of the robbery, were called to the jail to see whether they could identify defendant as the robber. They were able to so identify him. Defendant claims this procedure was improper; that the identification should have been by means of a standard police line-up. There is no merit in this contention. Identifications are frequently made where only a single person is under scrutiny. The fact that a number of persons are in the usual police "show-up" is not based on any legal requirement. It is designed to assist the jury in weighing the evidence relating to identification. (*People* v. *Knowles,* 35 Cal.2d 175 [217 P.2d 1].) Defendant was also identified by Newman, who did not go to the police station to see him.

█ Defendant also complains that Skidmore was allowed to change his testimony and that in so doing he conspired with other witnesses to satisfy the whims of the prosecution. In his first appearance on the witness stand Skidmore testified both on direct and on cross-examination that the culprit was wearing a faded blue denim jacket at the time of the robbery. Hobson and Newman had testified that defendant was wearing a leather jacket. After Skidmore had been excused defendant's counsel requested that he be recalled "for one more" question. It was under this further cross-examination that Skidmore changed his testimony as to the kind of a jacket defendant was wearing, viz., a leather jacket. Of course it was not improper for the witness to change his testimony since he had apparently concluded that his earlier statement was in error. Since the change in Skidmore's testimony grew out of his further cross-examination by defendant's counsel, pursuant to the latter's request that he be recalled for such purpose, there is no basis whatever for the charge of collusion.

█ Officer Kendrick testified he had a conversation with defendant in which he made certain incriminating statements, which the officer related. He also stated that the conversation

was recorded. Defendant denied any such conversation took place. He now asserts that the officer should have been required to produce the recording. But no such request was made by his counsel in the trial court. Obviously, therefore, that question may not be raised on appeal.

Defendant complains that his alibi evidence was not given credence by the jury. It was, of course, their responsibility to determine the credibility of the witnesses and the weight to which their testimony was entitled. The evidence on the question of defendant's asserted alibi was conflicting. The jury's implied finding in such circumstances is controlling on appeal. (*People* v. *Pianezzi*, 42 Cal.App.2d 270, 277 [108 P.2d 685].)

In urging that it was error not to hold a probation hearing, defendant overlooks the provisions of Penal Code, section 1203, which provides that probation shall not be granted to a defendant convicted of robbery who, at the time of the perpetration of the crime, was armed. The jury found the charge to be true that defendant was armed at the time he committed the robbery.

In his reply brief defendant asserts error in the admission of evidence of the circumstances of his arrest at another J. C. Penney store since the two occurrences were unrelated and he was not on trial for an offense growing out of the latter incident. This evidence was admissible as tending to show a similar plan and pattern of operation. (*People* v. *King*, 4 Cal.App.2d 727, 731 [41 P.2d 593]; *People* v. *Ross*, 98 Cal.App.2d 805, 810 [221 P.2d 280].) The fact that such proof "may tend to prejudice the defendant in the minds of the jurors is no ground for its exclusion." (*People* v. *Peete*, 28 Cal.2d 306, 315 [169 P.2d 924].)

The purported appeal from the order denying defendant's motion for a new trial is dismissed since it does not appear that any such motion or order was made.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

A motion for a rehearing was denied October 1, 1954, and the following opinion was then rendered:

THE COURT.—Along with his petition for a rehearing, appellant moved the court to appoint counsel "to represent him in the instant proceeding because appellant is without

funds with which to retain counsel for said purpose." In compliance with such request, the court appointed Attorney Edward J. Skelly, Esquire, to act on behalf of appellant.

The claims of "perjured testimony before the jury" and "mistaken identity" are not errors. They involve the determination of facts which, absent error in the admission of evidence, is within the exclusive province of the jury. The complaint that he was compelled to answer a question on cross-examination not related to his testimony given on direct is not borne out by the record.

Appellant's contention that in view of the evidence as to his alibi it was prejudicial error for the court "to refuse to give a requested instruction as to weighing alibi evidence" is not well taken. Attorney Skelly agrees that all requested instructions were read to the jury.