[Crim. No. 2610. Third Dist. Jan. 31, 1956.]

THE PEOPLE, Respondent, v. JOHN VANCE, Appellant.

John Vance, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier and F. G. Girard, Deputy Attorneys General, for Respondent.

McMURRAY, J. pro tem.*—After deliberating 23 minutes, a jury found defendant guilty of attempted second degree burglary and of two prior felony convictions as charged in the second amended information.

Between 9 and 10 p. m. on October 14, 1954, Mr. and Mrs. Hamblin and their 18-year-old nephew Jimmie Rose were watching television in their apartment when they heard the sound of breaking glass from an adjacent alley where Mrs. Hamblin had recently parked and locked her 1948 Dodge two-door sedan; all glass in the car had then been intact Upon hearing the crash the Hamblins and Jimmie investigated and saw a man near her car. Mr. Hamblin asked the man what he was doing there and the man replied that he was looking for a place to sleep; he then left the alley and proceeded down the street. At that time the right front windwing of the Dodge was found to be shattered. The nephew followed the defendant several blocks and observed him stop by another car, heard the sound of breaking glass and saw defendant then proceed to a hotel. Subsequently a parked car with a shattered windwing was found where defendant had been seen to stop. The nephew then returned to the Hamblin home, the police were notified and the nephew accompanied an officer to the hotel.

The officer testified that he first saw defendant lying fully clothed on a bed, that the officer believed defendant was feigning sleep. The officer then searched defendant and found a wallet bearing a card with the name Ibarra, a watch case, a 12-inch long screwdriver, a trouble light, a steering wheel knob, a padlock, and three keys, none of which fitted the lock. When questioned by the officer defendant answered that he guessed these articles were his.

Ibarra testified that the wallet was his, as were the watch case and the lock. He testified that he had signed the card found in the wallet and gave an exemplar signature for comparison during the trial; he also produced a key which

---

*Assigned by Chairman of Judicial Council.

unlocked the padlock and stated that the items had been stolen from his car.

A qualified fingerprint expert testified that defendant's prints were identical with those kept as records in the matter of the two prior convictions.

There was no evidence offered by the defense and no argument on his behalf.

This appeal is founded upon three letters from appellant to this court, the first dated March 6, 1955, and the second dated September 19, 1955, and filed on September 21, 1955, the day after this matter was submitted to this court without argument. Respondent filed a reply brief and has answered the second letter by a letter to the court. Thereafter another letter dated October 4, 1955, was received from appellant and filed October 7, 1955.

After the filing of his first letter appellant requested that counsel be appointed to prosecute the appeal. This request was refused as the letter by appellant had already been considered as his opening brief and respondent had filed a brief in reply thereto. The time elapsing between the letter considered as appellant's opening brief and the request for appointment of counsel was three months, lacking one day, and the request was filed 36 days after the mailing of respondent's brief to appellant.

Appellant's opening letter brief contends that errors were made in the trial that violated his legal rights.

First, he states that his prior felony convictions should not have been read to the jury as a part of the information. Upon arraignment under an amended information appellant pleaded not guilty to the charge of attempted burglary, but refused to admit or deny the two prior convictions alleged in the information, whereupon the court, under Penal Code, section 1025, entered a denial as to the two prior convictions. Under such circumstances, "It was therefore the duty of the district attorney to present competent evidence relative to the prior convictions and the duty of the trial judge to receive such evidence." (*People* v. *Kingsbury,* 70 Cal.App.2d 128 [160 P.2d 587].)

 The appellant next contends that it was error to allow a second amended information to be filed during the course of the trial to change the description of the car contained in the first amended information from "a 1950 Ford 4-door sedan" to "a 1948 Dodge 2-door sedan." He further says the evidence throughout the trial was vague and conflicting

in this respect. This latter statement finds no support in the record, there is no vagueness or conflict apparent regarding this aspect of the case.

There was no error in allowing the amendment of the information. Penal Code, section 1009, authorizes such amendment at any stage of the proceedings so long as the substantial rights of the defendant are not thereby prejudiced. Penal Code, section 956, provides in part that when an offense involves an attempt to commit a private injury and is described with sufficient certainty in other respects to identify the act, an erroneous allegation of the property involved is not material. A like amendment was held proper in *People v. O'Moore*, 83 Cal.App.2d 586 [189 P.2d 554]. Furthermore, no objection was made to the amendment, but appellant entered a plea of not guilty to the amended information and acquiesced in the course pursued; under such circumstances claim of error is waived and cannot be urged for the first time on appeal. (*People v. Beck*, 71 Cal.App.2d 637 [163 P.2d 41].)

Appellant states that the testimony of the witness Jimmie Rose was confused and conflicting. The point is not well taken. The testimony of the witness is easily understood and is straightforward. ■ An objection to evidence cannot be made for the first time on appeal. (*People v. Ross*, 98 Cal.App.2d 805 [221 P.2d 280]; *People v. Cassandras*, 83 Cal.App.2d 272 [188 P.2d 546]; *People v. Peete*, 28 Cal.2d 306 [169 P.2d 924].)

■ The appellant during the trial requested that a handwriting expert compare witness Ibarra's signatures and now urges that the court erred in not appointing such expert. Appellant completely ignores his subsequent abandonment of this request when, after discussion, he said: "Your Honor, let the jury decide whether it is the same writing." Even without such abandonment the appointment of an expert witness is within the court's discretion under Code of Civil Procedure, section 1871, and no abuse of such discretion appears here. (*People v. Rickson*, 112 Cal.App.2d 475, 479 [246 P.2d 700].) Comparison of handwriting by the jury is a method recognized and prescribed by Code of Civil Procedure, section 1944.

■ In view of the quantity and quality of the testimony and evidence produced at the trial and the absence of any substantial conflict, it cannot be said that the 23 minutes required to reach the verdict was so short a period of time as to show that the jury did not deliberate sufficiently. In *People v. Mundt*, 31 Cal.App.2d 685 [88 P.2d 767], it was

held that six minutes was not too short a time to reach a verdict under the facts there presented. (See *People* v. *Gay*. 37 Cal.App.2d 246, 249 [99 P.2d 371], where 25 minutes was held a reasonable time in which to reach a verdict.)

All of the foregoing contentions were presented by appellant's first letter to this court. The two letters subsequently filed present a question as to the legality of the search of appellant's person. He contends that he was not arrested at or before the time of the search. Respondent merely states that the search was incident to a lawful arrest.

The record is silent as to the actual act of arrest; there is no evidence that the officer who searched appellant made any statement to him relative to arrest; it does not appear whether or not the officer was in uniform; or how the officer gained admission to appellant's room.

In the recent case of *People* v. *Beard,*\* (Cal.App.) 287 P.2d 830, where the court held a search and seizure incident to a lawful arrest to be reasonable and lawful it is also said relative to the point of illegal search:

"It is the contention of appellant that the search and seizure made in this case was in violation of the Fourth Amendment to the Constitution of the United States, and section 19 of article I of the Constitution of California, . . . However, since the challenged testimony was admitted in the trial court without objection, the error cannot be claimed for the first time on appeal. Under such circumstances, any objection which might have been made to such testimony was waived (*People* v. *Hurst*, 36 Cal.App.2d 63, 65 [96 P.2d 1003] ; *People* v. *Kozakis*, 102 Cal.App.2d 662, 665 [228 P.2d 58] ; *People* v. *Odom*, 72 Cal.App.2d 72, 74 [164 P.2d 68] ). And the rule announced in the cases just cited has not been changed by the recent decisions in *People* v. *Cahan*, 44 Cal.2d 434 [282 P.2d 905], and *People* v. *Berger*, 44 Cal.2d 459 [282 P.2d 509], relied upon by appellant. (*People* v. *Brooksher*, 134 Cal.App.2d 266, 268 [285 P.2d 298].) In both the Cahan and Berger cases timely objection was interposed to the admission of the evidence allegedly obtained in violation of the provisions of the federal and state Constitutions against unreasonable search and seizure."

*People* v. *Dixon,*† (Cal.App.) 288 P.2d 273, again states the same rule.

---

\*A hearing was granted by the Supreme Court on October 26, 1955. The final opinion of that court is reported in 46 Cal.2d 278 [294 P.2d 29].

†A hearing in the Supreme Court was granted on November 9, 1955.

■ In the instant case the only possible objection to the admission of the evidence now claimed to be improper is found in the following language in the record:

"THE DEFENDANT: Your Honor?

"THE COURT: Yes.

"THE DEFENDANT: Mrs. Hamblin stated that her car wasn't entered and nothing was taken, I don't know what this junk is doing here. I don't know what the District Attorney is trying to prove with that. It doesn't belong to this case at all.

"THE COURT: In other words, you are moving that this testimony be stricken out?

"THE DEFENDANT: Yes, sir.

"THE COURT: And the jury admonished to disregard it?

"THE DEFENDANT: Yes, sir.

"THE COURT: What is your answer to that?

"MR. BURNETT: Your Honor, while the defendant was making his statement I was talking to one of my witnesses. I wonder if the reporter could read it back?"

(Whereupon the reporter read the statement of the defendant.)

"MR. BURNETT: Your Honor, the reason we are bringing this evidence into the case is to show a common plan, scheme or design. We, as I stated in my opening statement, can show that this evidence was taken from a car which had been entered in a similar fashion to what these other two cars— to the attempted entry of these other two cars, and also this evidence can be identified by the owner of that car as being his. This evidence was found in Mr. Vance's possession and he has stated that it was his property and I would think that that would show a common plan, scheme or design as to show why Mr. Vance was attempting to enter Mrs. Hamblin's car.

"THE DEFENDANT: Mr. Barnett (Mr. Burnett), are you trying me for having this stuff or are you trying me for trying to break in a car?

"MR. BURNETT: Well, your Honor——

"THE COURT: Well, that is correct, Mr. Vance, you are being tried only, and the jury is instructed, that the defendant is charged or being charged and being tried only for the offense that is alleged in the second amended information.

"The motion to strike this testimony is denied and it is received only for the limited purpose insofar as it may relate to any intent or design.

"MR. BURNETT: Yes.

"THE COURT: (Continuing) Of the defendant, and the court in denying this motion to strike the testimony is expressing no opinion concerning the weight of this testimony. That is to be a matter for the jury to determine in accordance with instructions of the court which will be given at the conclusion of the trial."

Standing alone, this language might show that appellant intended to object on all grounds, including the constitutional ones now raised, but a reading of the record persuades us that the objection was not on the ground of illegally obtained evidence. By his letter of October 4, 1955, appellant, by implication, indicates that such was not then his intention when he states (in attempting to distinguish certain cases cited by respondent): "I believe these cases were heard *prior to the new ruling that is now in effect,* to wit: A person will not be searched until such time as he or she is placed under arrest, unless a warrant is being used." (Italics added.)

Such language tends to support a construction of appellant's broad, though inartistic, "motion to strike," whereby it was restricted to the admission of the articles taken from his person because they were irrelevant and immaterial to the charge, rather than because they were incompetent as being illegally obtained.

Furthermore, it has been held that whether a search precedes or follows an arrest is immaterial if the officer making the arrest had a right as an incident thereto to search the defendant and such search was not more extensive than would be reasonably justified under the particular facts. (*People* v. *Simon,* 45 Cal.2d 645, 648 [290 P.2d 531]; *People* v. *Martin,* 45 Cal.2d 755, 762 [290 P.2d 855].) Here the officer had reasonable belief that a felony had been committed and that appellant committed it; he had been so informed by Jimmie Rose who had followed appellant to the hotel where he was found and searched.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.