[Crim. No. 2916.   First Dist., Div. Two.   Sept. 18, 1953.]

THE PEOPLE, Respondent, v. JOHNSON MOORE, Appellant.

Charles R. Garry for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Clayton R. Janssen, Jr., Deputy Attorney General, for Respondent.

NOURSE, P. J.—Defendants Suber, Hurd and Moore were charged with robbery under section 211, Penal Code. The information also charged Moore with two prior felony convictions. The cause was tried without a jury and judgment was given for second degree robbery and two prior convictions of felony as to defendant Moore. A motion for probation as to all three was denied.

Defendant Moore alone appeals from the judgment on the ground of insufficiency of the evidence to sustain the conviction, claiming there was no evidence to show that appellant participated in, aided, or abetted any robbery.

The events leading to the arrest and conviction of the defendants are as follows:

The robbery took place on October 22, 1952, about 3:30 a. m. when Frank Lopez was returning to his hotel located at 156 Third Street, San Francisco. As Lopez was going up the stairs, his friend who was partially crippled preceding him, three men approached Lopez. One of them, later identified as Hurd, pulled him down the stairs and then with his companion Suber proceeded to search Lopez, taking from him $7.00 in bills, which Lopez later identified by the manner in which they were folded. He had folded them separately the long way and then folded them over three times. Lopez

testified he saw a knife lying in the hand of Suber but did not know whether it was open or not. While the robbery was taking place Moore was standing about 4 or 5 feet from them. According to the testimony of Lopez, "He [Moore] just stood at the steps. He did not do nothing. He did not say nothing; he just stood there." Lopez, after ascertaining that his crippled friend was getting up the stairs safely, ran out to watch in which direction his assailants went. He followed them and on Third Street hailed a patrol car, told the police officers he had been robbed, entered the car and directed the police officers in the direction he had seen the defendants going. The three men were located on Fourth and Mission Streets and identified by Lopez as the men who had robbed him. They were searched, and, according to the testimony of the two officers, the $7.00 and the knife were found on Moore. Lopez immediately identified the money by the way it was folded. Appellant points out that there was a conflict in the evidence as to which man was in possession of the stolen money. However at the trial the testimony of the two police officers that Moore was in possession of the stolen money and knife was certain and positive; that of Lopez, who thought the money was found on Suber, was not certain or positive. He testified when questioned as to the search of the three men by the police officers: "They took it away from—I believe it was this fellow with the red shirt [identified as Suber]." Later on cross-examination the question was asked: "Who had these seven bills at the time these men were arrested? A. The fellow with the red shirt. Q. You testified a moment ago that it may have been two of them that had the bills. A. . . . I don't know if they did or not, but I know that was my seven dollars, that's what I am getting at." That Lopez could not have been sure which man was in possession of the stolen bills was brought out later in the following testimony: "Q. Your best memory, then, as to who had them at the time they were arrested, was the man in the red shirt, Mr. Suber; is that your best memory? A. They both had bills, as far as that goes. I don't know which one they got the folded bills from but they both had bills." On the continuation of the cross-examination of Lopez in which he was questioned on the manner in which the defendants were searched the question was asked: "Did they go through the pockets of Mr. Suber? The Court: If you know. Were you watching the search? A. No, I was not watching. I was not paying any particular attention to it." As opposed to this

rather uncertain testimony as to the finding of the stolen bills we have the unequivocal testimony by the two police officers that the money and knife were found on defendant Moore.

The defendants all denied having taken any part in the robbery or any knowledge of it, stating that they had been at a birthday party for a friend living on Howard Street, that they had left the friend's place at about 3:30 in the morning and were going home when the police officers stopped them and searched them. The friend had left town at the time of the trial and was not available as a witness.

Though the defendants denied the robbery and there was some conflict in the testimony concerning the possession of the stolen bills at the time of the arrest, a reading of the entire record shows that there is substantial evidence to sustain the conviction of Moore of robbery.  As is said in *People* v. *Gutierrez,* 35 Cal.2d 721, 727 [221 P.2d 22] : ''After conviction all intendments are in favor of the judgment and a verdict will not be set aside unless the record clearly shows that upon no hypothesis whatsoever is there sufficient substantial evidence to support it.''

 Appellant cites no authorities in support of his contention that because Moore said nothing and did nothing during the progress of the robbery he was not a participant and did not aid or abet the robbery. Appellant was not a mere bystander or onlooker. He may have committed no overt act during the robbery but none was required. His presence could have given encouragement to his companions and acted as a deterrent to any continued resistance on the part of Lopez. He was in the position of a lookout and though he gave no warning none was required. He was in the company of the other defendants before the crime was committed, remained with them during the robbery, fled with them from the hotel, and when arrested in company with the others had the knife and stolen bills in his possession. That is sufficient to make him a participant in the crime.  ''The presence of one at the commission of a felony by another is evidence to be considered in determining whether or not he was guilty of aiding and abetting; and it has also been held that presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred. (22 C.J.S. 161; *State* v. *Bishop,* 317 Mo. 477 [296 S.W. 147, 149].)  ''Where two or more persons enter upon a common undertaking, whether by prearrangement, or entered into on the spur of the moment, and

that undertaking contemplates the commission of a criminal offense, each of the parties to the undertaking is equally guilty of the offense committed whether he did an overt act or not." (*Haney* v. *State*, 20 Ala.App. 236 [101 So. 533, 536] ; 22 C.J.S. 156.)

█ "Undoubtedly, it is the law that before one can be stigmatized as an abetter he must have instigated or advised the commission of the crime, or have been present for the purpose of assisting in its consummation. In the instant case we are satisfied that the facts therein proven require that the order appealed from be affirmed. It was the province of the jury to declare appellant's guilt or innocence, and unless we can say that it clearly appears that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below, the verdict of the jury, which has been approved by the trial court, cannot be set aside upon the ground 'of insufficiency of the evidence.' " (*People* v. *Hymer*, 118 Cal.App.2d 28, 32-33 [257 P.2d 63].)

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.