[Crim. No. 5715. Second Dist., Div. Two. Apr. 16, 1957.]

THE PEOPLE, Respondent, v. RUBEN OCUNA MACHADO et al., Appellants.

David C. Marcus for Appellants.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

RICHARDS, J. pro tem.*—Ruben Ocuna Machado, Charles Cowan, Jr., Raymond Aguilarro Ulibarri, Gilbert Israul Muro, together with Tomas Guzman Guajardo were accused by indictment of the murder of Sergei Markarian on or about February 16, 1956. Defendants Cowan and Guajardo pleaded guilty; a jury trial was waived as to defendants Machado, Ulibarri, and Muro; and each of the five defendants was found guilty of murder in the first degree. Motions by defendants Machado, Ulibarri and Muro for new trials were denied and the court sentenced appellants to the state prison for life.

Defendant Muro has appealed from the order denying his motion for new trial and from the judgment, and defendants Machado, Ulibarri and Cowan have each appealed from the judgment. The assignments of error are: (1) Insufficiency of the evidence to sustain the conviction of defendant Muro of murder in the first degree; (2) Insufficiency of the evidence to sustain the conviction of the defendant Ulibarri of murder in the first degree; (3) Error in sentencing appellants to the state prison without first having committed each to the Youth Authority; (4) Lack of jurisdiction to try appellants under general law without establishing compliance with juvenile court statutes.

Sergei Markarian operated a liquor store on Whittier Boulevard in East Los Angeles. Sarkis Sanoin, who had known Markarian for a number of years, was in the liquor store with Markarian shortly before midnight on February 16, 1956, and while he was talking to Markarian, Cowan and Machado entered the liquor store, Cowan carrying a rifle and Machado

*Assigned by Chairman of Judicial Council.

a short knife. Almost immediately upon their entry Cowan shot and killed Markarian, whereupon Machado tried unsuccessfully to open the cash register. Cowan then turned the rifle on Sanoin, telling him to open the cash register, which he was unable to do, and then Machado carried the cash register out of the store. After the shot, but before the cash register was carried away, Sanoin heard some voices outside although he was not able to state how many nor did he see anyone on the outside or anyone else on the inside except Cowan and Machado. Not more than two minutes elapsed between the entry into the store by Cowan and Machado and their departure with the cash register.

There is no contention upon this appeal that the evidence was insufficient to sustain the conviction of Cowan and Machado of first degree murder.

### Sufficiency of the Evidence as to Defendant Muro

The evidence connecting Muro with the offense consists mostly of his free and voluntary statements made to investigating officers after the arrest; and according to testimony thereof at the trial, Muro stated that on the evening preceding the shooting he was in an automobile with the other defendants and another boy and that during the evening they had discussed the possibility of "pulling a stick-up some place"; that later the same evening Cowan obtained a .22 caliber rifle and put it in the car and that the four of them drove to the East Los Angeles area looking for a place to hold up; that they checked on two liquor stores but did not like the condition and that upon passing Markarian's liquor store they made a U-turn and parked across the street; that he (Muro), Ulibarri, Machado and Cowan then walked over to the store and saw two men inside; that Cowan told him (Muro) that he and Machado should go in and make a small purchase, which they did; that thereafter he went out of the store as Cowan walked in and held Markarian up; that he stayed outside by the door of the store, heard a shot, saw a man fall, and then ran to the car; that the other boys followed him with the cash register and together they drove to the San Fernando area where the cash register was opened and they divided the money five ways.

Homicide committed in the perpetration of robbery is murder in the first degree regardless of whether the killing be wilful, deliberate and premeditated or even accidental (Pen. Code, § 189; *People* v. *Sutton,* 17 Cal.App.2d 561, 567 [62

194

P.2d 397]). ██ A principal in a robbery resulting in a homicide may be found guilty of murder in the first degree notwithstanding that his codefendant fired the fatal shot (*People* v. *Leon,* 129 Cal.App.2d 676, 679 [277 P.2d 481]), and principals include those persons who advise or encourage the commission of a crime or who aid and abet in its commission. (Pen. Code, § 31; *People* v. *Perkins,* 37 Cal.2d 62, 64 [230 P.2d 353].) ██ From the undenied admissions of Muro, the evidence was clearly sufficient to justify the trial court's conclusion that Muro advised and encouraged the commission of the robbery and as a "look-out" aided and abetted the commission of that crime. (*People* v. *Moore,* 120 Cal.App.2d 303, 306 [260 P.2d 1011].) He thus became a principal in the commission of the robbery and as a result of the killing of Markarian by Cowan during the course of the robbery Muro was a principal in the homicide and was properly found guilty of murder in the first degree. (*People* v. *King,* 30 Cal.App.2d 185, 201 [85 P.2d 928].)

*Sufficiency of Evidence as to Defendant Ulibarri*

██ The evidence connecting Ulibarri to the offense likewise consists mainly of his free and voluntary statements made to investigating officers after his arrest and according to testimony thereof at the trial, Ulibarri stated that he was one of the persons involved in the holdup and shooting at the liquor store; that he was at the door of the store when Cowan shot Markarian; that prior to that event they had discussed pulling a robbery; that thereafter Cowan got a rifle which they put into the car; that they went to the Markarian store; that Muro and Machado went in first to make a small purchase and when Muro came out he gave them the high-sign; that when Cowan entered the store he could see the gun in Cowan's hands; that he heard the shot, then heard Cowan say "Get the cash register," and as Machado came out of the store with the cash register it started to drop and he (Ulibarri) helped pick it up and together they put it in the car and later broke it open and divided the contents; that the next day they returned and buried the cash register in the ground. There was also testimony that Ulibarri directed the police to a place where the cash register was found in a mound of dirt.

In addition to his statements made to investigating officers, Ulibarri took the stand on his own behalf and testified that he was in the car driven by Guajardo on the evening of the robbery; that when they reached the Markarian store he walked as far as the corner of the store and saw Cowan and

Machado running out with the cash register; that later he helped throw the cash register into the wash and later went back to bury it and the gun. From Ulibarri's own statements before and at the trial, his participation in the robbery is clear; and for the reasons and upon the authorities cited above in connection with the defendant Muro, we are convinced that the defendant Ulibarri was likewise properly found guilty of murder in the first degree.

### Sentencing Defendants to State Prison

The four appealing defendants, each between the ages of 16 and 18 years at the time of trial, contend that the trial court erred in not referring them to the Youth Authority before sentencing them to prison for life. ■ The minimum, as well as the maximum, statutory penalty for murder in the first degree, as to minors committing the offense under the age of 18, is confinement in the state prison for life (Pen. Code, § 190). The provision of the Welfare and Institutions Code germane to the contention made is section 1731.5, which provides as follows:

"After certification to the Governor as provided in this article a court may refer to the authority any person convicted of a public offense who comes within all of the following description: (a) Is found to be less than 21 years of age at the time of apprehension; (b) Is not sentenced to death, imprisonment for life, imprisonment for 90 days or less, or the payment of a fine, or after having been directed to pay a fine, defaults in the payment thereof, and is subject to imprisonment for more than 90 days under the judgment; (c) Is not granted probation."

■ Under the foregoing provision, since the appellants were each subject to being sentenced to life imprisonment, none of them was eligible for reference to the Youth Authority. Appellants contend there is no express requirement that sentence be pronounced before a reference be made to the Youth Authority. ■ This argument is answered by *In re Ralph*, 27 Cal.2d 866 [168 P.2d 1], in which case the Supreme Court declined to accept an interpretation of the above-quoted section which would require a commitment to the Youth Authority of those obviously intended by the Legislature to be excepted; i.e., those who, following conviction, are subject to being "sentenced to death, imprisonment for life, imprisonment for not more than 90 days, or the payment of a fine" and said at page 871: "We are satisfied that a proper inter-

pretation of the pertinent statutory provisions contemplates that sentence be pronounced prior to tentative commitment of a defendant to the Youth Authority.''

### Compliance with Juvenile Court Law

As we have previously stated, each of the four appellants at the time of the commission of the offense was between the ages of 16 and 18 years, and they contend that the superior court lacked jurisdiction to try them under general law in that prerequisite compliance with the juvenile court law was not established, although they make no contention of any failure in fact to comply therewith. The record discloses that there were offered and received in evidence certified copies of the orders of the juvenile court finding that appellants were minors and were unfit for further consideration by the juvenile court, and remanding each to the custody of the sheriff for prosecution under the general law. The appellants' contention, unsupported by the citation of any authority, appears to be that notwithstanding the aforesaid certification of defendants as unfit for consideration by the juvenile court, there must additionally be established each and all of the several proceedings of the juvenile court leading up to and culminating in its order. ■ In our opinion all that need be established to confer jurisdiction upon the superior court to try a minor over the age of 16 years under general law is proof of the juvenile court's finding of unfitness, as was here established.

■ An additional contention is made by the defendant Muro only, that the court erred in allowing the investigating officer, while on the witness stand, to refresh his memory on cross-examination by referring to the stenographic transcript of a conversation he had with the defendant Muro. That transcript of the conversation indicated that Muro had made no audible response to the witness' question ''You all agreed to pull a robbery?'' Error is claimed that inasmuch as the transcript did not purport to disclose an audible response by Muro, the court should not have permitted the witness to refresh his recollection of the conversation. This alleged error occurred during the cross-examination of the witness who had previously testified that Muro said that ''the possibility of a stick-up'' had been discussed. Even if we accept appellant's version that the transcript showed that Muro made no audible response, it appears to us that it only affects the weight to be given to the witness' testimony that Muro did in fact make an audible affirmative response to the question

and we are of the opinion that no error was committed, in any event, by permitting the witness to refresh his memory from the written transcript (*People* v. *Sica,* 112 Cal.App.2d 574, 587 [247 P.2d 72]).

We find no other points in appellants' brief which merit discussion, and no prejudicial errors in the record.

The judgment and order denying a motion for new trial as to defendant Muro are affirmed, and the judgments as to each of the defendants Machado, Ulibarri and Cowan are affirmed.

Moore, P. J., and Fox, J., concurred.