[Crim. No. 6660.    Second Dist., Div. One.    Oct. 25, 1960.]

THE PEOPLE, Respondent, v. ERNEST HARRISON
KETCHUM, Appellant.

Ernest Harrison Ketchum, in pro. per., for Appellant.

Stanley Mosk, Attorney General, Elizabeth Miller and Clara E. Kauffman, Deputy Attorneys General, for Respondent.

WOOD, P. J.—Defendant Ketchum was accused of robbery which was committed on May 17, 1958. He denied an allegation of the information that he had been convicted of grand theft about February 17, 1956. In a nonjury trial herein he was convicted of robbery of the first degree. The reporter's transcript shows that the trial judge said that "the prior is good—there is nothing wrong with the prior." The minutes of the court state that no disposition was made as to the prior conviction. Probation was denied and defendant was sentenced to imprisonment in the state prison, and it was ordered that the sentence run consecutively with the sentence in the prior case wherein probation was revoked. Defendant appeals from the judgment and sentence, and the order denying his motion for a new trial.

Appellant contends that the evidence was insufficient to support the judgment.

Mr. Gaglio, who was employed as a bellboy at the Miramar Hotel in Santa Monica, testified that on May 17, 1958, about 12:15 a. m., while he was in the hotel lobby and about 20 feet from the hotel entrance, he saw the defendant come "through the entrance" into the lobby and go toward the men's room; when defendant was passing by the witness the distance between them was about one foot; defendant was wearing khaki pants and a lumber jacket; the witness looked at defendant "because of the way he was dressed"; after defendant had been in the hotel about five minutes he came from the direction of the men's room, went past the witness, and left the hotel; about twenty minutes thereafter four men came into the lobby —two of them had guns (a .38 and a .45) and two were wearing false noses; "they" said "This is a stick-up"; at that time the witness was standing near the hotel desk, and the defendant who was one of the four men stood in front of and about a foot from the witness; defendant was facing the witness and the entrance to the hotel; he did not have a gun and was not wearing a mask or false nose; defendant knocked

a cigarette from the witness' hand; one of the other men "went over the desk."

Mrs. Duncan, an employee of the hotel, testified that on said May 17, about 12:30 a. m., while she was at the hotel desk sorting cards, she saw the defendant come through the front door into the lobby, walk slowly in front of the desk and toward the bar and men's room; the front door is about 25 feet from the desk; defendant was wearing a tan jacket and tan pants; about 20 minutes later, while she was standing behind the desk, she saw the defendant and three other men come through the front door into the lobby; they walked fast and went "right to the front desk"; two of the men were wearing false noses "with glasses," and two of them were not masked; the defendant, who was not masked, stood next to Mr. Gaglio (bellboy) who was working on the bulletin board which was about 6 feet from her (witness); one man, who was holding a gun, stood at the left of her; another man, who was holding a gun, stood at the right of her; the other man jumped over the desk and went to the safe and the cash drawer.

Mr. Belanger, the hotel auditor, testified that on said May 17, about 12:45 a. m., while he was on duty at the hotel desk, four men entered the hotel and came to the desk; two of the men were masked; one of the masked men pointed a gun at him and said, "This is a stick-up. We want your money."; that man also told him to "get in the safe"; the witness replied that he did not have a key; that man said, "You had better get in fast."; the witness went to the cash drawer, and then a man, who was not masked, jumped over the desk, ran to the drawer and scooped the money out of it, and jumped "back over the desk"; then the four men ran out the front door. The amount taken from the drawer was $251. He also testified that, while the four men were in the hotel and "this was going on," Mrs. Duncan (switchboard operator) was behind the desk, and that Mr. Gaglio (bellboy) was in front of the desk.

Defendant testified that he was arrested on June 11, 1958; he was not at the Miramar Hotel on May 16 or 17, 1958, or at any time; he did not remember where he was on Friday night, May 16, 1958, or on Saturday morning, May 17, 1958; during a period of several months prior to his arrest he had been spending the weekends at the home of his girl friend, Mrs. Brewner. On cross-examination, he said he had never been in Santa Monica; he had lived in Los Angeles at various

times since 1946; he had been convicted of a felony, grand theft.

Mrs. Brewner, a witness called by defendant, testified that she was defendant's girl friend; she could not "say for sure" that defendant was with her on the night of May 16, 1958, but it was more or less a habit, since January, 1958, for him to be with her "almost every night"; he was with her on the night of May 17 and the morning of May 18, 1958. On cross-examination, she testified that, prior to his arrest, she had known him about six months; she did not know whether he was employed during May, 1958.

Appellant's argument, with respect to asserted insufficiency of the evidence, is that there was no credible evidence that he participated in the robbery; and that the testimony of prosecution witnesses negates any theory that he did so participate —since some of those witnesses testified that he did not carry a gun, did not say anything, and had been in the hotel, prior to the robbery, apparently on legitimate business. [██] The questions as to credibility of witnesses and the weight of the evidence were for the determination of the trial judge. A reviewing court is not empowered to determine the facts. (See *People* v. *Hubler*, 102 Cal.App.2d 689, 696 [228 P.2d 37].) ██ The reviewing court "must assume in favor of the verdict [judgment] the existence of every fact which the jury [trial judge] could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict [judgment]." (*People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778].) ██ In the present case two witnesses identified defendant as the person who entered the hotel lobby about 20 minutes before the robbery, and who remained in the hotel about 5 minutes. Also those witnesses identified him as one of the four men who entered the hotel and participated in the robbery. Those witnesses were in positions where they could observe defendant. According to the testimony of one of the witnesses (bellboy), the defendant, immediately after the four men entered the lobby, went to a place which was about a foot in front of the bellboy and stood there facing the bellboy and the entrance of the hotel while two of the four men were displaying guns and threatening employees, and while one man was jumping over the desk and taking money from the cash drawer. According to the testimony of another witness (switchboard operator), the four men walked fast and went immediately to the desk, and the defendant stood next to the bellboy and

about 6 feet from her while the robbery was being committed. There was testimony that, after the money had been taken from the drawer, the four men (including the defendant) ran out the front door of the hotel. Section 31 of the Penal Code provides: "All persons concerned in the commission of a crime . . . whether they directly commit the act constituting the offense, or aid or abet in its commission . . . are principals in any crime so committed." In *People* v. *Silva*, 143 Cal.App.2d 162 [300 P.2d 25], it was said at page 169: "[O]ne who was present for the purpose of diverting suspicion, or to serve as a lookout, or to give warning of approach of anyone seeking to interfere . . . is a principal in the crime committed." In *People* v. *Moore*, 120 Cal.App.2d 303 [260 P.2d 1011], it was said at page 306: "Appellant cites no authorities in support of his contention that because Moore said nothing and did nothing during the progress of the robbery he was not a participant and did not aid or abet the robbery. . . . He may have committed no overt act during the robbery but none was required. . . . He was in the position of a lookout and though he gave no warning none was required. He was in company of the other defendants before the crime was committed, remained with them during the robbery, fled with them from the hotel. . . . That is sufficient to make him a participant in the crime."

In the present case there was ample evidence to support the conviction of defendant of robbery of the first degree.

The evidence establishes, as stated in effect by the trial judge, that the allegation of prior conviction is true.

Affirmance of the judgment carries with it affirmance of the sentence. (*People* v. *Perkins*, 147 Cal.App.2d 793 [305 P.2d 932].)

The judgment and the order denying the motion for a new trial are affirmed.

Fourt, J., and Lillie, J., concurred.