[Crim. No. 7931. Second Dist., Div. Four. July 27, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. LARRY THOMAS ESKEW, Defendant and Appellant.

Maurice Harwick, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and Jack E. Goertzen, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—In an information filed by the District Attorney of Los Angeles County, defendant was charged with three counts of burglary in violation of Penal Code

section 459. Defendant pleaded not guilty. After a jury trial defendant was found guilty on all three counts. Motion for a new trial was denied, and a probation report was ordered. Defendant, being under the age of 18, was committed to the California Youth Authority for the term prescribed by law. Defendant appeals from the judgment and order denying the motion for a new trial.

During the month of January 1961, three coin-operated self-service laundries in the Los Angeles vicinity were burglarized. William Gandy testified that on the evening of January 26, he, the defendant, and another person by the name of Smotherman, were just riding around in an automobile when "I brought up the idea of getting some money. . . . all of us needed money and none of us had a job, so we went to the laundromat . . . the Paramount." Gandy first entered the laundromat and broke into the coin machine. Defendant stood around outside of the laundromat and entered the building shortly after Gandy was successful in breaking into the coin box. Smotherman remained outside in the automobile while the burglary was being committed. The same evening the trio proceeded to the Su-Leen Laundry where Gandy broke into the coin machine and took out some money. The proceeds obtained from this burglary were divided between the three young men. On the evening of January 29, Gandy met defendant at his home and they walked to a laundromat which was a mile or so away. While defendant waited outside, Gandy entered the building and broke open the coin boxes, taking approximately $130. Gandy testified that the defendant did not share in the proceeds of this burglary.

Defendant did not call any witnesses, nor did he testify in his own behalf.

Defendant's first contention is that the evidence is insufficient as a matter of law to sustain the conviction. Defendant was found guilty of all three burglaries, each of which was charged in a separate count. The testimony clearly showed that defendant was present with William Gandy when each of the three burglaries was committed. It was testified that defendant shared in the proceeds of one of the burglaries.

 Evidence which would support a finding that defendant aided and abetted in the commission of the three burglaries is sufficient to sustain the conviction. "All persons concerned in the commission of a crime, . . . whether they directly commit the act constituting the offense, or aid and abet in its commission, or, not being present, have advised and

encouraged its commission, and all persons counseling, advising, or encouraging . . . to commit any crime . . . are principals in any crime so committed.'' (Pen. Code, § 31.)

'' 'The presence of one at the commission of a felony by another is evidence to be considered in determining whether or not he was guilty of aiding and abetting; and it has also been held that presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.' [Citations.] 'Where two or more persons enter upon a common undertaking, whether by prearrangement, or entered into on the spur of the moment, and that undertaking contemplates the commission of a criminal offense, each of the parties to the undertaking is equally guilty of the offense committed whether he did an overt act or not.' [Citations.]'' (*People* v. *Moore*, 120 Cal.App.2d 303, 306, 307 [260 P.2d 1011].)

There can be no question but that the evidence was sufficient for the trier of fact to conclude that defendant aided and abetted in the commission of the burglaries.

Defendant's second contention is that there is no evidence to corroborate the testimony of William Gandy sufficient to satisfy the requirements of section 1111 of the Penal Code. This section provides, ''A conviction cannot be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.''

In *People* v. *Keene,* 128 Cal.App.2d 520, 525 [275 P.2d 804], the court stated, ''Section 1111 of the Penal Code requires only that the corroborative evidence tend 'to connect a defendant with the commission of the crime in such a way as reasonably may satisfy a jury that the accomplice is telling the truth. It is not necessary that the accomplice be corroborated as to every fact to which he testifies.' [Citation.]''

Ernest Sudberry, a 16-year-old youth who was not an accomplice, testified that he was in the company of defendant and William Gandy on January 26, 1961, when he heard Gandy state, ''Let's go knock over some laundromat.'' Sudberry stated that on the next day he asked defendant and William Gandy what they had done. Gandy replied, ''We knocked over a laundromat.'' Gandy also stated that there hadn't been enough money to make it worthwhile. When Gandy made this statement concerning the small amount of

money taken, defendant shrugged his shoulders. It is clear that when Gandy said "we" he meant himself and defendant, and defendant's shrug at the comment expressing there hadn't been enough money to justify the burglary certainly did not connote a lack of knowledge or participation.

 Defendant did not take the stand to testify in his own behalf. This fact standing alone would not supply the corroboration necessary to support a conviction; however, when added to the testimony of Sudberry it is sufficient. The Supreme Court of this state has stated, "[T]he failure of the defendant to deny or explain evidence presented against him, when it is in his power to do so, may be considered by the jury as tending to indicate the truth of such evidence, and as indicating that among the inferences that may reasonably be drawn therefrom, those unfavorable to the defendant are the more probable. . . .

"The failure of the accused to testify becomes significant because of the presence of evidence that he might 'explain or . . . deny by his testimony' (art. I, § 13, Cal. Const.), for it may be inferred that if he had an explanation he would have given it, or that if the evidence were false he would have denied it." (*People* v. *Adamson*, 27 Cal.2d 478, 489 [165 P.2d 3], affd. in 332 U.S. 46 [67 S.Ct. 1672, 91 L.Ed. 1903, 171 A.L.R. 1223].)

 In the case before us the testimony of Ernest Sudberry aided by the inference which could properly arise from the defendant's refusal to take the stand is sufficient to supply corroboration and sustain the conviction.

The judgment and order denying defendant's motion for new trial are, and each of them is, affirmed.

Burke, P. J., and Balthis, J., concurred.

A petition for a rehearing was denied August 23, 1962.