400 P.2d 842

**STATE of Arizona, Appellee,**

**v.**

**William McKinley GALBREATH, Appellant.**

**No. 1424.**

Supreme Court of Arizona.

En Banc.

April 7, 1965.

Darrell F. Smith, Atty. Gen., Phoenix, E. D. McBryde, Pinal County Atty., Florence, for appellee.

R. N. Pomeroy, Superior, for appellant.

McFARLAND, Justice.

This is an appeal from a conviction and sentence for the crime of robbery under A.R.S. § 13–641. The appellant, hereinafter referred to as defendant, was sentenced on October 21, 1963, to a term of not less than five (5) years, nor more than ten (10) years in the Arizona State Prison.

The record shows the facts to be as follows: On July 8, 1963, defendant, along with four other companions, embarked on a nocturnal journey in a 1956 two-toned blue Pontiac owned and driven by one Parks. At approximately 1:30 a. m. on July 9, 1963, while travelling south on Highway 84, the party stopped in Casa Grande across the street from a Texaco service station. The car then proceeded to pass in front of the station several times, and eventually pulled to a stop one-half block north of the station. Defendant, along with one Cockhearn (whose conviction was affirmed in State v. Cockhearn, 96 Ariz. 44, 391 P.2d 597 (1964)), then proceeded to get out of the car, go to the service station, and commit an armed robbery. After forcing the station attendant into a restroom, defendant, along with the other four members of the party, departed from the scene, and proceeded south on Highway 84 toward Tucson. Immediately thereafter, the station attendant notified the police of the robbery. At approximately 2:00 a. m., defendant and his companions were stopped by the police in Eloy, the latter having been alerted to the fact that a robbery had been committed in Casa Grande. A search of the car revealed rolls of change wrapped in defendant's shirt and keys belonging to the Texaco station. Later, defendant was identified by the station attendant as one of the two individuals who participated in the robbery. At the trial defendant was represented by court-appointed counsel different from that of the other four defendants.

■ Defendant contends that the evidence did not support the conviction, and that the court erred in not granting a motion for a new trial. We have held that on an appeal from a judgment in a review court not only must the evidence be viewed in the strongest light in favor of the verdict, but all reasonable inferences therefrom must be taken in the most unfavorable manner to defendant. State v. White, 97 Ariz. 196, 398 P.2d 903; State v. Merryman, 79 Ariz. 73, 283 P.2d 239; State v. Stephens, 66 Ariz. 219, 186 P.2d 346.

■ Applying these rules to the evidence in the instant case, there cannot be any question about the sufficiency of the evi-

dence. There is little conflict in the evidence as set forth in the statement of facts.

■ Defendant's present counsel was appointed to represent him on this appeal. Defendant contends that his rights were prejudiced by the manner in which counsel appointed to represent him at the trial conducted his defense. Defendant also asserts that the failure of his counsel to cross-examine witnesses, and to place defendant upon the stand was prejudicial to his rights, and he is therefore entitled to a new trial. The record shows that while defendant's counsel did not cross-examine some of the state's witnesses there were five defendants in the case, four of whom were represented by other counsel. The counsel for the other four examined the witnesses not examined by defendant's counsel in detail. Some were examined by counsel for the other four defendants and also by defendant's counsel. The record shows that counsel were working together in the trial of the case. Undoubtedly this was true in regard to the cross-examination of the state's witnesses.

We call attention to the fact that the record shows that defendant's counsel did conduct cross-examination of some of the state's witnesses. When asked by the court if he would like to cross-examine the gas station attendant, defendant's attorney replied that counsel for the other four defendants "has pretty well covered what I would have asked."

■ Defendant states that his counsel's refusal to place defendant upon the stand was reversible error. This contention is also without merit. The record contains a certificate of the trial attorney wherein he states that he did not permit defendant to take the stand because the latter "presented the worst. appearance" of the five defendants on trial. He further states that his opinion was concurred in by the counsel for the other four defendants, and that both counsel agreed to place on the stand only those defendants who had no prior criminal record. We also call attention to the fact that the record as filed by the county attorney shows that defendant had two previous felony convictions, and had served sentences in the Arizona State Prison. Under these circumstances, the trial counsel cannot be censored for advising his client not to take the witness stand.

There being no reversible error, the conviction is affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and BERNSTEIN and UDALL, JJ., concur.