420 P.2d 940

STATE of Arizona, Appellee,

v.

Raymundo VILLEGAS, Appellant.

No. 1529.

Supreme Court of Arizona.

In Division.

Nov. 30, 1966.

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., for appellee.

Lawrence C. Cantor, Phoenix, for appellant.

STRUCKMEYER, Chief Justice.

Appellant Raymundo Villegas was charged with the crime of robbery, in violation of A.R.S. § 13–641. After waiver of a jury, he was tried and found guilty and has appealed the conviction to this Court.

The State presented evidence showing that appellant, in the company of three other men, entered the grocery store of the complainant, Ping Hom. Hom's wife and two sons, Jerry and Terry, were with him behind the counter when the men entered. One of the men approached the counter and asked for a bottle of Cream of Kentucky whiskey. A second man took a position near the soda pop box. A third man stood near the street door. The appellant stood about fifteen feet from the counter. Mrs. Hom handed the whiskey to the first man, who then pointed a knife at her and announced that this was a hold-up. Jerry Hom attempted to wrest the knife from the man's hand, but the second man grabbed a bottle of Barq's root beer and was about to strike Jerry with it, when Mr. Hom told Jerry to desist, and opened the cash register. The money in it was taken, and all four men fled. Mr. Hom followed them outside to observe the car in which they departed, and then called the police. An hour later, a police officer observed four men riding in a car that fitted Hom's description of the getaway car, and these men were taken into custody. In the car was a bottle of Cream of Kentucky whiskey with Hom's price mark on it and a bottle of Barq's root beer similar to the one handled by the man who threatened to use it as a club on Jerry Hom.

About one hour later, Mr. and Mrs. Hom were summoned to the police station to view a line-up. A police officer, John Tabor, testified that Mr. and Mrs. Hom positively identified the man who wielded the knife, but were not sure about the other

three men. At the trial, however, Hom identified all four men.

The morning after the robbery, Jerry Hom identified all four men at the station. At the trial, Jerry testified as follows:

"Q [Defense Counsel] What did your father say to you when you got home that night?

"A I don't remember that.

"Q Did he say that they have caught the four men?

"A Yes. No, he said * * * he saw one of them real clearly, except he wasn't sure about the rest of them.

"Q But he said that they had—in essence, something like, 'They have caught the men that robbed us?'

"A Yes, sir."

Appellant argues that the trial court erred in allowing hearsay evidence concerning identifications made at the police station by Hom, Jerry Hom and Officer Tabor. We have previously rejected this proposition in State v. Taylor, 99 Ariz. 151, 407 P.2d 106, for the reason that such identifications are more reliable than later ones. The principal objection to hearsay evidence is not present because the witness is available for cross-examination as to his conduct and statements made at the time of the identification. State v. Miranda, 98 Ariz. 11, 401 P.2d 716.

Appellant next attacks the identification because made at a line-up when only the accused were present in the line. He cites several cases from courts of other states to support his position. We believe, however, that any deficiencies in line-up go to the credibility of the evidence and not to its admissibility. See People v. Branch, 127 Cal.App.2d 438, 274 P.2d 31; and People v. Brinkley, 33 Ill.2d 403, 211 N.E.2d 730.

Appellant next urges that the trial court erred in taking under advisement its ruling on his motion for a directed verdict of acquittal made at the close of the State's case and thereafter, at the close of the entire case, denying the motion. Appellant

argues that prejudice resulted from the court's failure to rule, because it forced him to take the stand, at which time he admitted his presence at the scene of the crime, thereby providing the evidence the absence of which was one of the grounds for his motion.

There is precedent for holding that the reservation of a ruling on a motion for directed verdict made at the close of the State's case is reversible error. See Jackson v. United States, 5 Cir., 250 F.2d 897; Bennett v. People of State of Colorado, 155 Colo. 101, 392 P.2d 657; Adams v. State (Fla.App.1958), 102 So.2d 47. We think, however, that a defendant can protect himself against being forced into a premature election by refusing either to rest or to introduce evidence until the trial judge rules on the motion. This state has held for over fifty years that where a motion to acquit made at the close of the State's case is overruled and the

"defendant elects to go forward with his proof and does not stand on his motion, he takes the chances of having deficiencies in the state's case supplied by later testimony of either the defense or prosecution. [On appeal] the question of the sufficiency of the evidence to sustain the verdict * * * is then determined * * * by a consideration of all the evidence presented in the case." State v. Weis, 92 Ariz. 254, 261, 375 P.2d 735, 740.

A defendant is in no worse position where a ruling has been reserved than where his motion for acquittal has been erroneously overruled. If the court had denied his motion, he then would have had the choice of resting or of introducing further testimony. Since he elected to introduce other testimony, we will not place him in a better position than if the court had denied his motion at the conclusion of the State's case.

■ Appellant argues that the evidence at the close of the State's case was not sufficient to warrant a conviction, and that the motion for a directed verdict should have been sustained. Likewise, he argues, the evidence at the conclusion of the case was insufficient to support a finding of guilty and this Court should reverse the trial court.

■ Since, as we have seen, error, if any, in not directing a verdict at the close of the State's case, was waived by appellant's proceeding with his case, it is with the evidence as a whole that we are concerned rather than with just the State's evidence. Appellant's position is that mere presence at the scene of a crime is not enough to justify a finding that the accused aided and abetted in the commission of the robbery. With this abstract legal proposition, we agree. State v. Sims, 99 Ariz. 302, 409 P.2d 17.

■ However, in the instant case we are not dealing with the mere presence of the appellant. Appellant had known his companions for several years, and knew that one of them had a criminal record. He was with them from 9:30 or 10:00 a.m. the day of the robbery until the evening of the robbery, riding around and drinking with them in the car that took them to the scene of the crime; they arrived at the scene together; they deployed themselves for maximum intimidation and efficiency, with one man threatening the proprietress, one nearby to assault anyone who interfered, one at the door as a lookout, and the appellant between the door and the action. Appellant saw the robbery take place and saw the second man raise the root beer bottle over Jerry Hom's head, but said nothing and did nothing; he saw the money taken; he fled with the others; he drove away with them in the car. He was still in the car with the others when he was apprehended an hour later.

■ Opposed to these facts is appellant's disclaimer of any knowledge that his companions were going to engage in a robbery. His testimony that he left when he saw what was taking place is contradicted by the other witnesses. Such exculpatory testimony is of a nature that is easy to fabricate and virtually impossible to disprove.

The trial court saw the appellant's demeanor on the witness stand, and was in a position to judge appellant's truthfulness. On appeal, we will view the evidence in its strongest light in favor of the trial court's finding of guilty, and all reasonable inferences therefrom must be taken against the accused. State v. Jackson, 101 Ariz. 399, 420 P.2d 270 (1966); State v. Denton, 101 Ariz. 455, 420 P.2d 930 (decided 11/22/66); State v. Reyes, 99 Ariz. 257, 408 P.2d 400; State v. Galbreath, 97 Ariz. 361, 400 P.2d 842; State v. Perez, 94 Ariz. 290, 383 P.2d 745; State v. Mathis, 92 Ariz. 194, 375 P.2d 388.

Whether appellant aided and abetted his companions in the commission of this robbery is a difficult question. Cases can be found to support and refute convictions in a wide variety of circumstances. We believe that the following language, taken from People v. Moore, 120 Cal.App.2d 303, 260 P.2d 1011, is applicable. In that case, the accused "just stood at the steps. He did not do nothing. He did not say nothing; he just stood there." The Court said:

"The presence of one at the commission of a felony by another is evidence to be considered in determining whether or not he was guilty of aiding and abetting; and it has also been held that presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." 120 Cal.App.2d at p. 306, 260 P.2d at p. 1013.

See also State v. Thompson, 101 Ariz. 38, 415 P.2d 566, in which a conviction was upheld where the accused did not even enter the store but remained outside in the automobile used by the perpetrators to make their escape.

It is difficult to believe that three persons would plan a robbery and take along with them a fourth who, being ignorant of their plans, might decide that he would oppose their criminal action or later inform against them. It was within the peculiar province of the trial judge to infer the presence or absence of a criminal intent and of a concert of action among the persons present at the time of the offense.

Judgment affirmed.

BERNSTEIN, V. C. J., and UDALL, J., concur.