ELDON BROWN, APPELLANT, v. SHERIFF OF HUMBOLDT COUNTY, RESPONDENT.

No. 5905

September 29, 1969                           459 P.2d 215

*George G. Holden,* of Battle Mountain, for Appellant.

*Harvey Dickerson,* Attorney General, *William MacDonald,* District Attorney, Humboldt County, for Respondent.

**OPINION**

By the Court, COLLINS, C. J.:

This is an appeal from a denial of a pretrial application for habeas corpus. We affirm the holding of the lower court.

At 6:33 p.m., December 11, 1968, Lamond P. Higbee, owner of the Stockmen's Store in Winnemucca, Nevada, while working after closing hours in an elevated office in the rear of his store, heard glass breaking. He looked up and saw a person entering the store through the broken glass of the front door. The interior of the store was dimly lighted. He observed the intruder walk past the shirt counter to the hat section. Higbee crouched down so as not to be seen and called the police on a telephone. When he looked up he observed the intruder depart through the same door but stand momentarily in the light of seven 500-watt bulbs near the front show windows. Higbee observed the intruder to be of medium height and build, with black hair. He was not wearing a hat but had a

light-colored waist-length jacket. Higbee did not see the intruder take or carry anything from the store. He did not see the intruder's face nor observe signs of his intoxication.

When the first officer answered moments later, Higbee gave him a brief description of the intruder. That officer hastily departed in search of the burgler. Another officer arrived shortly thereafter and after the same procedure, likewise took up the search.

Appellant, an Indian, was observed shortly thereafter by one of the officers two or three blocks west of the store, wearing a light-colored jacket. Appellant appeared intoxicated and was breathing hard as if from running. He was arrested by the officer for being drunk. He had no property in his possession. He was orally advised of his constitutional rights, including that of assistance by counsel, apparently said nothing, but was taken back to the store. Higbee, in response to a query whether Brown was the man, stated, "I can't tell you as far as his face. I didn't see his face, but from the back and his build, he matches exactly the person whom I described a few minutes earlier to you."

Appellant was taken to the county jail and booked as an inebriate person. He was again advised of his rights by the officers from a written card carrying the Escobedo and Miranda type warning. Appellant refused to sign a written waiver of those rights, and because of his condition of intoxication he was placed in jail. About 1½ to 2 hours later, appellant, having sobered up in the judgment of the officers, was taken to the office of the Chief of Police where he was again given the Escobedo-Miranda type of warning. He then stated, "I'll answer any question you want to know but I won't sign that [the waiver]." He then asked, "Would it go easier on me if I told you what actually happened, the truth?" The officers told him they could make no promises to him, and he then said, "Well, if you will give me a ride, I'll show you where the stuff is."

The officer drove appellant to a place not too far from the store, where a new hat and two new shirts were discovered hidden in a hedge. Mr. Higbee could positively identify the hat from the make, the markings, and a hole in the hat stock on the shelf from which it had been taken. The shirts were identified by the make and Stockmen's Store markings. As stated before, Higbee had not seen the intruder take or leave the store with anything.

The next day appellant was charged with burglary, a felony, and later a preliminary hearing was held, following which he was bound over for trial.

By application for habeas corpus to the district court, appellant raised the following issues:

1. The identification of appellant by Higbee shortly after his arrest for intoxication was during a critical stage of the proceedings before he had the assistance of counsel, and thus in violation of his sixth amendment right as announced in the line up decision of the U.S. Supreme Court in U.S. v. Wade, 388 U.S. 218 (1967), and Gilbert v. California, 388 U.S. 263 (1967).

2. His sixth amendment right to assistance of counsel during a critical stage of the proceedings as announced by the U.S. Supreme Court in Miranda v. Arizona, 384 U.S. 436 (1966) were violated and the hat and shirts found as a result of his statement were fruit of the poison tree and inadmissible as evidence against him.

3. That without the identification evidence and the hat and shirts, there was not probable cause for the magistrate to hold him for trial.

The lower court denied his application for habeas corpus, from which ruling this appeal was taken. We affirm the lower court's ruling.

1. We hold that Higbee's statement at the store as testified to during the preliminary hearing did not amount to an identification of Brown. "Identification" is defined in Black's Law Dictionary at pg. 880 as, "Proof of identity; . . . as where a witness recognizes the prisoner at the bar as the *same* person whom he saw committing the crime. . . ." In *Wade* the court was concerned with the judgment made by a witness at a pretrial confrontation that, " 'that's the man.' " 388 U.S. at 235–36.

*Wade* and *Gilbert* are concerned with two kinds of identification: in-court identification based upon a prior improper lineup and testimony as to the witnesses pre-trial identification that was made at an improper lineup. Neither of those situations are present here.

2. The trial court found, and we agree, that appellant knowingly and intelligently waived his right to remain silent or to speak only after counsel was provided for him after adequate Miranda warnings.

3. In view of the foregoing ruling, there was ample evidence to support the magistrate's finding of probable cause

548

that a crime had been committed and that appellant committed it. NRS 171.455; Maskaly v. State, 85 Nev. 111, 450 P.2d 790 (1969).

The denial of habeas corpus is affirmed.

ZENOFF, BATJER, MOWBRAY, and THOMPSON, JJ., concur.