EUGENE ROBERTSON, APPELLANT, v. SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 6026
December 15, 1969                              462 P.2d 528

*James D. Santini,* Public Defender, and *H. Leon Simon,* Deputy Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General; *George E. Franklin, Jr.,* District Attorney, and *George H. Spizzirri,* Deputy District Attorney, Clark County, for Respondent.

**OPINION**

By the Court, MOWBRAY, J.:

Eugene Robertson was charged with the crime of robbery. After a preliminary hearing he was bound over to the district court and held to answer the charge. Prior to entering his plea in district court, he filed a habeas petition contesting the sufficiency of the evidence presented during the preliminary hearing to establish the necessary "probable cause to believe that an offense has been committed and that the defendant has committed it." NRS 171.206. We affirm the district judge's order denying the petition for habeas.

The main thrust of Robertson's argument is that the evidence presented to the magistrate merely establishes that Robertson was present during the commission of the crime, but that there is nothing in the record of the preliminary hearing to show that he "aided or abetted" in the commission of the crime. NRS 195.020.[1]

At a preliminary hearing there need not be produced the quantum of proof required at a trial to establish the guilt of the offender beyond a reasonable doubt. As this court ruled in Maskaly v. State, 85 Nev. 111, 113, 450 P.2d 790, 792 (1969):

"It is well established that either in a preliminary hearing

---

[1]NRS 195.020:

"Every person concerned in the commission of a felony, gross misdemeanor or misdemeanor, whether he directly commits the act constituting the offense, or aids or abets in its commission, and whether present or absent; . . . is a principal, and shall be proceeded against and punished as such."

or in proceedings before a grand jury there must be evidence adduced which establishes probable cause to believe that an offense has been committed and that the defendant has committed it."

In Marcum v. Sheriff, 85 Nev. 175, 178, 451 P.2d 845, 847 (1969), we said:

"A preliminary examination is not a substitute for trial. . . . Its purpose is to determine whether a public offense has been committed and whether there is sufficient cause to believe that the accused committed it. The state must offer some competent evidence on those points to convince the magistrate that a trial should be held. The issue of innocence or guilt is not before the magistrate. That function is constitutionally placed elsewhere. The full and complete exploration of all facets of the case is reserved for trial and is not the function of a preliminary examination." See also Brown v. Sheriff, 85 Nev. 544, 459 P.2d 215 (1969); McKenna v. Sheriff, 85 Nev. 524, 458 P.2d 358 (1969).

In this case the record shows that Robertson was present with four other men when one of the group accosted the victim, Edward Bumbera, produced a pistol, and robbed Bumbera of his money and wrist watch. Bumbera and his companion, Shirley Mae Wesley, testified at the preliminary hearing. There was no doubt as to the identity of the robber and the presence of Robertson with his three other companions. But Robertson claims that mere presence under the facts developed is not enough to establish probable cause that Robertson was involved in the commission of the crime. We believe it is.

As the court said in People v. Adams, 66 Cal.Rptr. 161, 165 (Cal.App. 1968): "The courts, . . . have uniformly recognized and applied the following rule: ' "The presence of one at the commission of a felony by another is evidence to be considered in determining whether or not he was guilty of aiding and abetting; and it has also been held that presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred. [Citations.]" ' (People v. Moore (1953) 120 Cal.App.2d 303, 306, 260 P.2d 1011, 1013. Accord: People v. Belenger (1963) 222 Cal.App.2d 159, 165, 34 Cal.Rptr. 918; and People v. Eskew (1962) 206 Cal.App. 2d 205, 207, 23 Cal.Rptr. 466 . . . ."

684

The order denying Robertson's petition for habeas is affirmed.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.