489 P.2d 25

STATE of Arizona, Appellee,

v.

Tennyson Star BEARD, Appellant.

No. 2044.

Supreme Court of Arizona,
In Division.

Sept. 29, 1971.

Rehearing Denied Oct. 27, 1971.

Gary K. Nelson, Atty. Gen. by Carl Waag, former Asst. Atty. Gen., and Albert M. Coury, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender by William Carter, former Deputy Public Defender, and Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

UDALL, Justice:

Defendant, Tennyson Star Beard, was found guilty of robbery by a jury verdict on March 27, 1969, and was sentenced to the Arizona State Prison for a term of not less than five nor more than six years. From his conviction, sentence and denial of motion for new trial, he appeals to this Court.

For the reasons advanced in this opinion, the judgment of conviction is affirmed.

Testimony elicited at the trial established the facts to be as follows: On September 24, 1968, at approximately 11:25 a. m., one John Crandall, while walking in the vicinity of First Street near McKinley in the City of Phoenix, was attacked and robbed of $29.00 and a number of credit cards. As a result of this attack, Mr. Crandall suffered serious bodily injuries including a broken nose and jaw, with cuts near his eye, and the loss of three front teeth. The attack was so sudden that neither Mr. Crandall nor the witnesses of the crime could identify the assailants. The witnesses did establish that two male Negroes committed the robbery and escaped with two other Negroes in a car which they described as a 1959 Pontiac, license number 4FN–857, and later identified as belonging to the defendant Beard.

Defendant's presence in the vicinity of the crime was established by two officers who testified that they stopped defendant's car approximately 15 minutes before and 4½ blocks from the place of the robbery. Defendant was identified by the officers as the driver of the car. The car and its occupants were routinely examined and released.

Edmond Woods, who was present in the defendant's car on the day in question, was a witness for the State. He testified that on March 27, 1969, he and Beard were with one Carl Smith and Alvin deGrate. The four drove off that morning with Beard and Smith in the front, Woods and deGrate in the back. A few blocks before the robbery, a conversation took place between Smith in the front and deGrate and Woods in the back. The conversation centered around Mr. Crandall who was then walking on First Street. Smith commented on needing gas money for Beard's car and asked deGrate to join him in robbing Crandall. This conversation took place in defendant's presence while he was driving but he apparently never responded to Smith's remarks. Immediately upon coming to a stop sign, Smith and deGrate jumped out. Smith instructed Beard to circle the block, come back and pick them up. This Beard did. Woods testified further that Beard sped away immediately after the pickup, and later shared in the stolen money.

The defendant was subsequently arrested and properly advised of his rights. He denied at first being at the scene of the crime, but at trial Beard changed his account and his testimony substantially concurred with Woods' version of the happenings with a few exceptions; Beard denied speeding away and accepting any money from Smith and deGrate.

The defendant on this appeal raises three questions for this Court to decide:

1. Whether the defendant's mere presence at the scene of the crime makes him an aider, abettor or principal.

2. Whether the trial court committed error when it refused to give defendant's requested instruction.

3. Whether the testimony of accomplice Woods was sufficiently corroborated.

Arizona Revised Statute § 13-138 abolishes the distinction between an accessory before the fact and the principal in felony cases, and A.R.S. § 13-140 provides that:

"All persons concerned in the commission of a crime whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, shall be prosecuted, tried and punished as principals, * * *."

Defendant contends that while he was charged as a principal under A.R.S. § 13-140, he was tried as an aider and abettor and, as such, his mere presence at the scene of the crime does not make him an aider, abettor or principal, citing State v. Sims, 99 Ariz. 302, 409 P.2d 17, as authority for this proposition.

With this legal proposition we do not disagree and if, indeed, this were all the evidence established at the trial it might possibly have been insufficient to sustain conviction. However, as the facts indicate, there was more than mere presence. Defendant admits to being in the car that morning with Smith, deGrate and Woods and there is testimony that the proposed crime was discussed in his presence. Beard himself admits to circling the block, seeing Smith and deGrate being chased when he picked them up and lying to the arresting officers. Also there was substantial evidence that he subsequently shared in the loot.

■ In the face of this evidence, defendant disclaims any knowledge of the crime and claims he was not suspicious of any "shady business" until he saw Smith and deGrate being chased. Such exculpatory remarks are by their very nature extremely difficult to disprove. In light of the testimony given, we think the evidence is sufficient for a jury to find the defendant guilty by reason of having acted in concert with Smith and deGrate and of

having aided and abetted in the commission of robbery within the meaning of A.R.S. § 13–139.

"The presence of one at the commission of a felony by another is evidence to be considered in determining whether or not he was guilty of aiding and abetting; and it has also been held that presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." State v. Villegas, 101 Ariz. 465, 420 P.2d 940 citing for the quoted proposition People v. Moore, 120 Cal.App.2d 303, at p. 306, 260 P.2d 1011, at p. 1013.

■ We also find that the instructions given were comprehensive and fair to the defendant. Defendant contends the trial judge wrongfully refused to instruct the jury that "[I]n the absence of pre-concert, the mere presence of a person at the time and place of a crime does not make an aider and abettor or principal." In analyzing the correctness of instructions it is generally stated that they be viewed as a whole, rather than looking at individual instructions or isolated paragraphs. State v. Sorrell, 85 Ariz. 173, 333 P.2d 1081 (1959); State v. Singleton, 66 Ariz. 49, 182 P.2d 920 (1947).

The jury which decided defendant's guilt was instructed in part as follows:

"All persons concerned in the commission of a crime, whether it is a felony or misdemeanor, and whether they directly commit the act constituting the offense or aid and abet in its commission, or not being present have advised and encouraged its commission, are principals in any crime so committed. All persons concerned in the commission of a crime, whether they directly commit the act constituting the offense or aid and abet in its commission, though not present, shall be prosecuted, tried and punished as principals."

\* \* \* \* \* \*

"To constitute a crime, there must be a combination of an act forbidden by

law and an intent to do the act. Intent may be inferred from the defendant's voluntary commission of an act forbidden by law, and it is not necessary to establish that the defendant knew his act was a violation of law."

\* \* \* \* \* \*

"Aiding and abetting means simply to assist in the commission of an act, either by active participation in it, or in some manner advising or encouraging in it. Aiding and abetting contemplates some positive act in aid of the commission of an offense, an active force, physical or moral, joined with that of the perpetrator in procuring it."

■ It is argued that the instructions misled the jury on criminal responsibility on the part of the defendant. Recent United States Supreme Court decisions have affirmed the proposition that one who aids and abets must be shown to have acted with the intent to help bring about the success of the crime charged. Nye & Nissen v. U. S., 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919 (1949).

■ It is abundantly clear in the case at bar that the instructions, when read as a whole, sufficiently instructed the jury as to the intent required. The court clearly stated that to constitute a crime there must exist "an act forbidden by law and the intent to do the act." In convicting the defendant, the jury obviously found, and there is ample evidence in support thereof, that defendant knew of the crime and acted with the intent to further it.

A careful examination of the entire instruction convinces us that the jury was correctly and adequately instructed on the law governing this case. In State v. Roberts, 85 Ariz. 252, 336 P.2d 151 (1959), where defendant Roberts was charged upon a robbery indictment as an aider and abettor, this Court in reviewing basically the same instruction held on page 255 that it was "not inappropriate or improper."

■ Finally, with respect to defendant's argument that the testimony of

·Woods as an accomplice was not sufficiently corroborated by independent evidence, we find it to be wholly without merit. A. R.S. § 13–136 provides that no conviction shall be had on testimony of an accomplice unless it is corroborated by other evidence which tends to independently link a defendant with the commission of the offense. The corroborating evidence is sufficient under the statutory provision if it tends to implicate the defendant, even if it does so only to a slight degree. State v. Springer, 102 Ariz. 238, 428 P.2d 95 (1967); State v. McDaniel, 80 Ariz. 381, 298 P.2d 798 (1956). It need not be sufficient to establish defendant's guilt nor directly connect defendant with the offense. "In the last analysis * * * the facts of each case must govern." State v. Sheldon, 91 Ariz. 73 at p. 79, 369 P.2d 917 at p. 922 (1962). The evidence given at trial was more than sufficient to meet this requirement.

For the reasons herein before stated we affirm the conviction.

STRUCKMEYER, C. J., and HAYS, V. C. J., concur.