JOANNE ARCHIE, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 9137

November 10, 1976          555 P.2d 1233

*Thorndal & Liles,* Las Vegas, for Appellant.

*George E. Holt,* District Attorney, and *Rimantas A. Rukstele,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination, Joanne Archie was ordered to stand trial for robbery (NRS 200.380), and use of a deadly weapon during the commission of a crime (NRS 193.165). She then filed a pretrial petition for a writ of habeas corpus contending the evidence adduced by the prosecuting attorney did not establish probable cause that she had committed the charged offenses.

The district court denied habeas and in this appeal appellant reurges the same contention.

There is sufficient evidence to bind a defendant over for trial pursuant to NRS 171.206 if the evidence supports a reasonable inference that she committed the offense charged or that she aided or abetted *its* commission by another. *In the Matter of Beasley*, 79 Nev. 78, 378 P.2d 524 (1963).

The record, here, supports such an inference. Archie was stopped moments after the robbery, driving a vehicle, identified by the witnesses as the "getaway" car. The car contained two passengers, later identified as the robbers, a handgun, identified as the one used in the robbery, and a distinctive beanie-type hat worn during the robbery.

This court has held that presence, companionship, and conduct after an offense are circumstances from which one's participation in the crime may be inferred. *Robertson v. Sheriff*, 85 Nev. 681, 462 P.2d 528 (1969). For cases involving similar fact patterns, see *State v. Ritson*, 529 P.2d 90 (Kan. 1974), and *People v. Beaulieu*, 301 P.2d 304 (Cal.App. 1956).

Affirmed.