WILBUR GEORGE HENRY, APPELLANT, *v.* SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 10398

January 26, 1978                                573 P.2d 671

*Jeffrey D. Sobel,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *L. J. O'Neale,* Deputy District Attorney, Clark County, for Respondent.

---

[2] The Governor designated the Honorable Paul S. Goldman, Judge of the Eighth Judicial District, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice, who was disabled. Nev. Const. art. 6, § 4.

## OPINION

*Per Curiam:*

Pursuant to a True Bill Returned by the Clark County Grand Jury, Wilbur George Henry was charged, by indictment, with the felonious possession of stolen property (NRS 205.275). A pretrial petition for a writ of habeas corpus contended, *inter alia,* the "admissible" evidence which the prosecuting attorney had presented to the grand jury did not establish that Henry had probably committed the charged offense. Habeas was denied and in this appeal the same contention is reasserted.

At the grand jury proceedings, an employee of a car rental agency testified that a 1977 white Chevrolet Nova automobile had been rented to Michael J. Woodwyk. Mr. Woodwyk testified that he had rented such an automobile and left it in the care of a hotel bell captain or carhop. He also testified that he called for the car several hours later and was advised that it could not be found.

Other evidence came from an undercover Las Vegas Police Officer who narrated that a 1977 white Chevrolet Nova automobile had been purchased from one Morale, for $300. The undercover agent also testifird that Henry and Morale participated in the price negotiations and that Henry was present when Morale received the $300.

Henry's central claim of error is that the undercover agent could not specifically identify the vehicle license number without referring to a written report prepared by another police officer in Henry's presence. Even if we concede the merit of this claim and disregard such testimony, in our view the other recited evidence is sufficient to meet the probable cause standard delineated in NRS 172.155, and the presence, companionship and conduct criteria specified in Robertson v. Sheriff, 85 Nev. 681, 462 P.2d 528 (1969).

"[W]e are not now concerned with the prospect that the evidence presently in the record may, by itself, be insufficient to sustain a conviction." McDonald v. Sheriff, 89 Nev. 326, 327, 512 P.2d 774, 775 (1973). Other issues do not warrant comment. Accordingly, we affirm.