JOHNNY F. WINSTON, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 9170

November 10, 1976                    555 P.2d 1234

---

*Gary L. Redmon,* Las Vegas, for Appellant.

*George E. Holt,* District Attorney, and *Rimantas A. Rukstele,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination, Johnny F. Winston was bound over for trial on charges of robbery and battery with intent to commit robbery, felonies under NRS 200.380 and 200.400. Winston then filed a pretrial petition for a writ of habeas corpus contending the evidence adduced by the prosecuting attorney was insufficient to establish probable cause that he committed the charged offenses. The district court denied habeas and Winston, reurging the same contention, has appealed.

The record establishes that this proceeding arose out of an alleged violent robbery in the Las Vegas Frontier Hotel Casino men's rest room. The victim testified he was brutally battered and robbed in one of the toilet stalls by Winston's codefendant. Another witness testified that, upon entering the room, he heard the commotion. There he saw Winston, who approached him and said: "They are just taking a crap."

Winston argues that mere presence, coupled with his statement, is insufficient to establish probable cause of his complicity in the crimes. We disagree.

Although mere presence cannot support an inference that one is a party to an offense, People v. Francis, 450 P.2d 591 (Cal. 1969), presence together with other circumstances may do so. State v. Cummings, 423 P.2d 438 (Haw. 1967). Here there is more than mere presence. There was great commotion inside the toilet stall. The sound of one person hitting another was audible. The victim was shouting for help and sobbing loudly. In this context, Winston's statement gives rise to a reasonable inference that he was attempting to dissuade a would-be rescuer from interfering, and that his presence was for that purpose. See also, Robertson v. Sheriff, 85 Nev. 681, 462 P.2d 528 (1969).

Affirmed.