## AMELIA SKINNER, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 9636

June 29, 1977          566 P.2d 80

*Morgan D. Harris,* Public Defender, and *James L. Gubler,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *J. Michael McGroarty,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, Manoukian, J.:

Following a preliminary examination, Amelia Skinner was ordered to stand trial for robbery, a felony under NRS 200.-380. Thereafter, she filed a pretrial petition for writ of habeas corpus contending there was insuffiicent evidence produced at the preliminary examination to establish probable cause to

believe she committed the charged offense. The district judge denied habeas, and, in this appeal, Skinner advances the same contention.

Our review shows that on August 2, 1976, Lucinda Heckard was accosted by Vernell Williams on a Las Vegas sidewalk. The two women combatted during this encounter and then parted company. A short time later, Williams returned to the scene in a car driven by the Appellant, Amelia Skinner. After Skinner asked Heckard why she and Williams had been fighting, the record reflects that Williams again attacked Heckard. During the second encounter, Skinner allegedly scattered the contents of Heckard's purse on the sidewalk and took some money and keys.

The essence of Skinner's argument is that she did not accomplish the taking of the money and keys by means of force or violence; therefore, an essential element of the crime of robbery is lacking and the charge must be dismissed.[1] We agree.

In order for the recited conduct to achieve the magnitude of robbery, it was incumbent on the prosecution to present evidence to show that Skinner and Vernell Williams acted in concert in the battering of Heckard; thereupon, Williams' use of force against the victim could then be imputed to Skinner. State v. Gerhardt, 549 P.2d 262 (Idaho 1976). Here, the record contains no evidence from which we could infer that Skinner participated with Williams in a common scheme or plan to batter the victim. In the absence of facts or conduct showing or inferring such an agreement, Skinner's mere presence "would not render [her] guilty of robbery, however reprehensible [her] conduct may have been in subsequently taking [the victim's] property." James v. State, 161 S.W.2d 285 (Tex. Crim.App. 1942), *aff'd on rehearing,* 161 S.W.2d at 289. *Cf.* Winston v. Sheriff, 92 Nev. 616, 555 P.2d 1234 (1976). Accordingly, we reverse, without prejudice to the right of the state to institute an appropriate charge within fifteen (15) days after remittitur issues.

BATJER, C. J., and MOWBRAY, THOMPSON, and GUNDER-SON, JJ., concur.

---

[1] NRS 200.380(1) provides in part that "[r]obbery is the unlawful taking of personal property from the person of another, or in his presence, against his will, *by means of force or violence or fear of injury. . . .*" (Emphasis added.)