Shearing, J.,
concurring:
I agree that the legislature has defined murder in such a way that Labastida’s failure to act could be found to be murder in the second degree and therefore her conviction must be affirmed.
However, I do not agree that there was substantial evidence that Labastida aided and abetted Strawser in committing murder. In fact, I do not see any evidence in the record which would support that conviction. Every bit of evidence in the record supports the conclusion that Michael Strawser inflicted a number of injuries on Thunder Michael Lightfoot Strawser, which eventually resulted in the child’s death. There is not one iota of evidence that Labastida inflicted one injury on the child, and in *1515 fact, the jury acquitted her of child abuse. There is substantial evidence that Labastida was concerned about the welfare of her child and took measures to see to his welfare. She sought and received medical assistance for the child when she had problems soon after the child was born. Later, when she wanted to seek medical assistance, Strawser discouraged her and convinced her that through their prayers, the baby would be healed.
It has long been established that mere presence at the scene of a crime is not enough to establish guilt. Skinner v. Sheriff, 93 Nev. 340, 341, 566 P.2d 80, 81 (1977). In Skinner, the defendant was charged with robbery, and even though the defendant had stolen some property after someone else had hit the victim, the court held that there was not enough evidence to establish even probable cause of robbery:
Here the record contains no evidence from which we could infer that Skinner participated with Williams in a common scheme or plan to batter the victim. In the absence of facts or conduct showing or inferring such an agreement, Skinner’s mere presence “would not render [her] guilty of robbery, however reprehensible [her] conduct may have been in subsequently taking [the victim’s] property.”
Id. (quoting James v. State, 161 S.W.2d 285 (Tex. Crim. App. 1942), aff’d on reh’g, 161 S.W.2d at 289).
In Rodriguez v. State, 107 Nev. 432, 813 P.2d 992 (1991), this court reversed convictions for aiding and abetting kidnapping and two sexual assaults in a gang rape situation. The reversal was based on the fact that there was no evidence that the defendant did anything to assist in the kidnapping and sexual assaults by others, even though the evidence was clear that he participated in the activity by sexually assaulting the victim himself. This court reiterated the view that “mere presence at the scene of a crime cannot support an inference that one is party to an offense.” Id. at 435, 813 P.2d at 994.
If it could not be inferred that Rodriguez aided and abetted his fellow rapists, there is far less reason to make any such inference against Labastida. There is absolutely no direct evidence of her aiding and abetting Strawser, and there is considerable evidence that she would not have knowingly hurt her child and that she believed and trusted the father of her baby to be honest with her regarding the injuries to their child. Without some other evidence, the fact that she was aware of injuries does not lead to the inference that she aided and abetted in inflicting them.