# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRITTANI LAMPKIN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66274



**FILED**

JAN 1 5 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of multiple transactions involving fraud or deceit in the course of enterprise or occupation, theft, and racketeering. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Appellant Brittani Lampkin first argues that insufficient evidence supported the jury's findings of guilt for multiple transactions involving fraud or deceit in the course of enterprise or occupation and for racketeering and that the district court erred in denying her motions for a new trial and for an advisory verdict. The district court has discretion to advise the jury to acquit a defendant when it deems the evidence insufficient for a conviction, NRS 175.381(1), and we review its decision for an abuse of discretion. *Milton v. State*, 111 Nev. 1487, 1494, 908 P.2d 684, 688 (1995). We will not overturn its decision on a motion for a new trial absent a palpable abuse of discretion. *Johnson v. State*, 118 Nev. 787, 796, 59 P.3d 450, 456 (2002), *overruled on other grounds by Nunnery v. State*, 127 Nev. 749, 263 P.3d 235 (2011). Our review of the record on appeal, however, reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia,*

16-01560

443 U.S. 307, 319 (1979); *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998).

The record shows the following. Lampkin misrepresented the sale of sexual services to Officer Peck when he first paid to enter Club Exclusive II at the front desk and again when she lightly stroked Peck as her colleague elicited a second payment from Peck. Peck paid $480 as a result of these misrepresentations. Lampkin agreed to and did participate in the affairs of Club Exclusive II, an enterprise that existed to fraudulently acquire money from victims by misrepresenting the sale of sexual services. Lampkin attended staff meetings, where management discussed business practices, which included the practice of fraud, as that was the Club's purpose. Lampkin's manager told employees that the Club was a "hustle" and provided a script designed to perpetrate their scheme in the most effective fashion. Lampkin overtly acted to effect the scheme of the Club by defrauding Peck.

The jury could reasonably infer from the evidence presented that Lampkin participated in at least two transactions involving acts in the course of an enterprise with the knowing intent to defraud by means of a false representation known to be false and the intent to induce reliance, causing a loss greater than $250. *See* NRS 205.377(1) (2010). The jury could also reasonably infer that Lampkin agreed to participate in Club Exclusive II's fraudulent scheme and overtly acted to effect this agreement. *See* NRS 207.400(j). Lampkin's mere-presence argument is belied by the record. The jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also McNair v. State*, 108

SUPREME COURT
OF
NEVADA

(O) 1947A

Nev. 53, 56, 825 P.2d 571, 573 (1992). Accordingly, the district court did not abuse its discretion in denying Lampkin's respective motions to set aside the jury verdict and for a new trial and for an advisory verdict.

Second, Lampkin argues that the district court abused its discretion in settling jury instructions by (1) denying the proposed defense instruction on racketeering, (2) denying an instruction permitting Lampkin to argue that unpreserved evidence should be considered adverse to the State's case, and (3) shifting the burden of proof to the defense with the provided ignorance-of-the-law instruction. We review the district court's decisions in settling jury instructions for an abuse of discretion or judicial error, *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005), and review de novo whether a jury instruction is an accurate statement of law, *Nay v. State*, 123 Nev. 326, 330, 167 P.3d 430, 433 (2007). The proposed defense instruction on racketeering was misleading and incomplete for suggesting that racketeering liability could inhere only through finding racketeering activity when the statute clearly envisions numerous modes of commission. *See* NRS 207.390; NRS 207.400(1)(a)-(j). The record suggests that the police's failure to seize the digital-video recorder was negligence, not gross negligence, such that an instruction pursuant to *Sanborn v. State*, 107 Nev. 399, 812 P.2d 1279 (1991), was not warranted. *See also Randolph v. State*, 117 Nev. 970, 987, 36 P.3d 424, 435 (2001). Lampkin's argument that she was precluded from arguing adverse inferences from unpreserved evidence is contradicted by a codefendant's argument about inferences from that evidence. Lastly, Lampkin has failed to explain how the ignorance-of-the-law instruction—which reflects a well-established rule of law, *Whiterock v. State*, 112 Nev.

775, 782, 918 P.2d 1309, 1314 (1996)—shifted the burden to the defense. *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (declining to address issues not supported by relevant authority and cogent argument).

Third, Lampkin argues that the district court erred in denying her motion to dismiss because she was merely present at Club Exclusive II as an employee.[1] Presence coupled with other circumstances may support an inference that one is a party to an offense and not merely present. *Winston v. Sheriff, Clark Cnty.*, 92 Nev. 616, 618, 555 P.2d 1234, 1235 (1976). We review the district court's denial of a motion to dismiss for an abuse of discretion. *Hill v. State*, 124 Nev. 546, 550, 188 P.3d 51, 54 (2008). As substantial evidence supports Lampkin's convictions and shows her active efforts to defraud Peck, we conclude that Lampkin participated in the Club's fraudulent scheme and was not merely present and that the district court did not abuse its discretion in denying her motion to dismiss.

Lastly, Lampkin argues that cumulative error warrants reversal. Having found no error, there is no error to cumulate.

---

[1]Lampkin asserts that this was error because of deficiencies in the pleading instrument, but Lampkin did not make that argument in her motion to dismiss below, and we decline to consider it on appeal. *See Ford v. Warden*, 111 Nev. 872, 884, 901 P.2d 123, 130 (1995).

Having considered Lampkin's contentions and concluded that they are without merit, we

ORDER the judgment of conviction AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:    Hon. David B. Barker, District Judge
The Law Office of Dan M. Winder, P.C.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[2]We note that Lampkin's brief was seriously deficient for failing to properly cite to the record. *See Thomas v. State*, 120 Nev. 37, 43, 83 P.3d 818, 822 (2004).