IN THE SUPREME COURT OF THE STATE OF NEVADA

TASHAMI SIMS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78999

FILED

OCT 2 3 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER REVERSING IN PART AND VACATING JUDGMENT IN PART AND REMANDING

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of ownership or possession of a firearm by a prohibited person and carrying a concealed firearm or other deadly weapon. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Officers Joshua Griffith and Jacob Noriega were patrolling in Las Vegas on July 4, 2018, around 7:30 p.m., when they observed appellant Tashami Sims jaywalk. The officers pulled into the motel parking lot Sims had entered and activated the patrol car's lights and sirens. According to the officers, Sims continued walking behind several vehicles, crouched down, reached into the front of his waistband area and then stood back up, all while the officers were giving him verbal commands. Officer Griffith heard what he believed to be a metallic object hit the ground where Sims had crouched. Sims then approached the officers and Officer Noriega placed him in handcuffs. Officer Griffith found a .22 caliber firearm on the ground where Sims had been.

Sims went to trial on two charges: ownership or possession of a firearm by a prohibited person and carrying concealed firearm or other

20-38924

deadly weapon. After a four-day jury trial, the jury found Sims guilty on both counts and the district court sentenced him to 19-48 months for the felon-in-possession charge, and a concurrent 12-36 months for the concealed weapon charge. Sims now appeals.

*Insufficient Evidence*

Sims argues that the evidence presented at trial was insufficient to support the charges against him. We agree as to the concealed weapon charge. In considering a claim of insufficient evidence, we view the evidence in the light most favorable to the prosecution to determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In doing so, we do not reweigh the evidence or determine witness credibility, as those functions belong to the jury. *Id.* The defendant's mere presence at the crime scene cannot support the inference that the defendant is a party to an offense, although the defendant's presence, companionship, and conduct before, during, and after the crime may support such an inference. *See Walker v. State*, 113 Nev. 853, 869, 944 P.2d 762, 773 (1997); *Winston v. Sheriff, Clark Cty.*, 92 Nev. 616, 618, 555 P.2d 1234, 1235 (1976).

NRS 202.350(1)(d)(3) provides that a person within Nevada shall not, without a permit, carry concealed upon his or her person any "pistol, revolver or other firearm, other dangerous or deadly weapon or pneumatic gun." And NRS 202.360(1)(b) prohibits a felon from possessing or controlling a firearm. For purposes of these offenses, NRS 202.253(2) defines a "firearm" as "any device designed to be used as a weapon from

which a projectile may be expelled through the barrel by the force of any explosion or other form of combustion." The firearm neither has to be loaded nor operable to support a felon-in-possession conviction. *See* NRS 202.360(3)(b) (providing that, for a felon-in-possession charge, "'[f]irearm' includes any firearm that is loaded or unloaded and operable or inoperable").

Here, the State failed to present sufficient admissible evidence demonstrating that the gun the officers found fit within NRS 202.253(2)'s definition of "firearm," as required to support the concealed weapon charge. The State failed to present any testimony from a witness that test fired the gun to determine that it was designed to expel a projectile by force of explosion or other combustion. *See* NRS 50.265 (providing that a lay witness may testify to opinions that are "[r]ationally based on the perception of the witness"). Additionally, the State did not call a firearms expert at trial who could testify from their "specialized knowledge or skill beyond the realm of everyday experience" to educate the jury as to whether the gun fit the definition of "firearm." *See Burnside v. State*, 131 Nev. 371, 382-83, 352 P.3d 627, 636 (2015); *see also* NRS 50.265 (providing that a qualified expert may testify to matters within their "special knowledge, skill, experience, training or education" when "scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue"). Although one officer testified that the gun appeared to be functional, we conclude that this testimony is speculative. Because the State failed to present sufficient evidence, we reverse the concealed weapon conviction. *See Vega v. State*, 126 Nev. 332, 342, 236 P.3d 632, 639 (2010) ("The Due Process Clause of the United States Constitution

requires that each element that constitutes a crime be proven beyond a reasonable doubt."). However, because the felon-in-possession charge does not require the gun to be operable or concealed, and because Sims presents no other arguments challenging the sufficiency of the evidence supporting that conviction, we decline to reverse that conviction for insufficient evidence. *See* NRS 202.360(3)(b).

*Additional issues with the concealed weapon conviction*

Even if the concealed weapon conviction was supported by sufficient evidence, other errors require reversal. First, Sims correctly argues that the jury instructions on the charge were wholly lacking. The instructions failed to provide the jury with NRS 202.253(2)'s definition of firearm. Instead, the instructions essentially told the jury that any person found carrying a deadly weapon in a concealed manner is guilty of carrying a concealed weapon. This is a clear error of law. *See Collman v. State*, 116 Nev. 687, 714-20, 7 P.3d 426, 443-47 (2010) (concluding that a district court erred when it failed to instruct the jury on all of the elements of a crime).

Sims also challenges a letter admitted into evidence purporting to show that he did not have a concealed carry permit, arguing that it did not comply with NRS 51.175 (addressing how to prove the absence of a public record through a certificate or testimony of the custodian of records). We agree that the district court abused its discretion in admitting this letter because it was not accompanied by a sworn affidavit from the custodian of records or testified to as authentic under oath by the custodian of records or

other authorized person.[1]  *See* NRS 51.175; NRS 52.015(1) (requiring that evidence be authenticated as a condition precedent to admissibility, which "is satisfied by evidence or other showing sufficient to support a finding that the matter in question is what its proponent claims"); *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008) (reviewing a district court's decision to admit evidence for an abuse of discretion); *see also Sanders v. Sears-Page*, 131 Nev. 500, 514-15, 354 P.3d 201, 210 (Ct. App. 2015) (recognizing that "[a]uthentication is a basic prerequisite to the admission of evidence" because, without proper assurance that the evidence is what its proponent claims, it lacks relevance).

*Fair-cross-section challenge*

Sims also argues that the district court abused its discretion in not having the jury commissioner testify after Sims made what he contends are plausible arguments that the jury selection process systematically excluded Hispanics. *See Williams v. State*, 121 Nev. 934, 939-40, 125 P.3d 627, 631 (2005) (stating that a defendant is entitled to a jury that is a fair cross section of the community and discussing how to show a prima facie violation of that right); *see also Valentine v. State*, 135 Nev. 463, 466, 454 P.3d 709, 714 (2019) (discussing when an evidentiary hearing is warranted on a defendant's claim that his right to such a jury was violated). In doing so, Sims makes the same claim of systematic exclusion that this court found

---

[1]While we recognize that NRS 51.175(2) requires a "certificate" from the custodian of records rather than a sworn affidavit, the evidence still must comply with NRS 52.015's authentication requirements to be admissible.

warranted an evidentiary hearing in *Valentine*.[2] 135 Nev. at 466-67, 454 P.3d at 714-15 (concluding that the district court abused its discretion by not holding an evidentiary hearing on the defendant's allegation that the jury commissioner sent "an equal number of jury summonses to each postal ZIP code in the jurisdiction without ascertaining the percentage of the population in each ZIP code" because, if true, that would establish underrepresentation of a distinctive group based on systematic exclusion). Instead of having the jury commissioner testify regarding this allegation at an evidentiary hearing, the district court relied on previous jury commissioner testimony that did not address Sims' specific allegations to reject his fair-cross-section argument. This was an abuse of discretion because, as in *Valentine*, if Sims' allegations are true, they "would be sufficient to establish a prima facie violation of the fair-cross-section requirement." *Id.* at 464, 466-67, 454 P.3d at 713, 714-15 (reviewing the denial of a requested evidentiary hearing for an abuse of discretion). We therefore vacate the judgment of conviction as to the felon-in-possession charge and remand for an evidentiary hearing. Thereafter, if the court finds no systematic exclusion, it may reinstate the judgment of conviction as to

---

[2]The State does not dispute that Sims met the other two elements identified in *Valentine* to establish a prima facie fair-cross-section claim: a distinctive group within the community that is being excluded and the representation in the venire is not fair and reasonable when compared to that group's community population. 135 Nev. at 465, 454 P.3d at 713.

the felon-in-possession count only.[3] *Id.* at 467, 454 P.3d at 715 (instructing the district court that it can reinstate the judgment of conviction if it finds no systematic exclusion on remand, except as to convictions that were not supported by sufficient evidence).

Accordingly, we

ORDER the judgment of the district court REVERSED IN PART AND VACATED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:     Hon. Michelle Leavitt, District Judge
        Clark County Public Defender
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[3]We decline to address Sims' remaining assertions of error as to the felon-in-possession charge at this time, but he may re-raise those arguments if the district court reinstates his conviction.

